2024 IL App (2d) 230367-U
Nos. 2-23-0367, 2-23-0368, 2-23-0369 cons.
Order filed January 9, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) ) | Nos. 21-CF-724 21-CF-1130 21-CF-1518 |
| JOSE A. CORONEL, | ) ) ) | Honorable Salvatore LoPiccolo Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE KENNEDY delivered the judgment of the court.
Justices Hutchinson and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held***:** The circuit court did not err in denying defendant's pretrial release.

¶ 2   Defendant, Jose A. Coronel, appeals an order of the circuit court of Kane County granting the State's petition to deny him pretrial release in accordance with the provisions of article 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). The Office of the State Appellate Defender declined to file a memorandum pursuant to Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023), and defendant stands on his notice of appeal. For the

following reasons, we affirm. Further, on this court's own motion, we hereby consolidate these three appellate cases for decision.

¶ 3   On September 27, 2023, defendant was arrested on an outstanding warrant for escape (21-CF-1518, for violating an electronic home monitoring program, a Class 3 felony (730 ILCS 5/5-8A-4.1(a) (West 2022)). The State alleged that defendant had cut off his GPS monitoring bracelet, fled the State, and committed burglary in California.

¶ 4   The day following defendant's arrest, the State filed a verified petition to deny defendant pretrial release, arguing that defendant had a high likelihood of willful flight to avoid prosecution and was charged with a felony offense other than a Class 4 offense. 725 ILCS 5/110-6.1(a)(8) (West 2022). In addition, the State argued that defendant should be denied pretrial release because: (1) he was previously ordered to comply with electronic home monitoring in Kane County case Nos. 21-CF-0724 (arson) and 21-CF-1130 (possession of a stolen motor vehicle) when he cut off his GPS monitoring bracelet (No. 21-CF-1518); (2) he has an additional case pending in Kane County for domestic battery No. (21-CM-0679); (3) while out on bond in Kane County felony cases, defendant committed and was convicted of burglary in California in 2022 and had also previously been convicted of unlawful possession of a controlled substance in 2014 and unlawful possession of a stolen motor vehicle in 2016; and (4) he additionally was convicted in Ohio for attempt unlawful possession of a controlled substance in 2008 and aggravated unlawful use of a weapon in 2014.

¶ 5   On September 29, 2023, the circuit court conducted a hearing on the State's petition. The court read into the record the State's proffered evidence, including a synopsis of the court's previous orders in case Nos. 21-CF-0724 and 21-CF-1130 to wear an electronic monitoring device, which defendant had removed. The court found that the State proved by clear and convincing

evidence that defendant had committed the offense of arson, which is a qualifying offense as a Class 2 felony (No. 21-CF-0724).[1] In addition, the court found that the State proved by clear and convincing evidence that defendant had committed the offense of escape from or violation of an electronic monitoring detention program, a Class 3 felony (No. 21-CF-1518).

¶ 6    The circuit court specifically noted defendant's failure to comply with court orders entered on July 8, 2021, and July 13, 2021, for electronic monitoring detention. Moreover, defendant had absconded with the beacon/charger for the monitoring device, which had an approximate value of $400.

¶ 7    The circuit court found that defendant has a likelihood of willful flight to avoid prosecution as set forth in section 110-6.1(a)(8) of the Code (725 ILCS 5/110-6.1(a)(8) (West 2022)). The court stated that it was evident defendant committed "intentional conduct with a purpose to thwart the judicial process to avoid prosecution," and found that the State had proven by clear and convincing evidence that "in 21-CF-1130 *** the defendant has committed the offense of unlawful possession of a stolen motor vehicle which is a qualifying offense as a Class 2 felony."

¶ 8    Further bolstering the circuit court's decision to detain defendant, the court noted that he fled to California and committed burglary there in 2022. The court found, based on this fact and the rest of the State's proffer, that "no condition or combination of conditions can mitigate the defendant's high likelihood of wilful flight." Finally, the court determined that "no less restrictive

_____

[1]The circuit court initially stated that the State had failed to prove facts sufficient to sustain arson, but shortly thereafter, stated that "the State has proven by clear and convincing evidence that the proof is evident and the presumption is great that the defendant has committed the offense of arson which is a qualifying offense under 725 ILCS 5/110-6(a)(1)-(7) which is a Class 2 felony."

conditions would prevent the defendant's high likelihood of willful flight." Thereafter, the court entered a written order granting the State's verified petition to detain and remanded custody of defendant.

¶ 9    On October 5, 2023, defendant filed a notice of appeal from the detention order, using a form in which he checked a box indicating that the State failed to meet its burden of proving by clear and convincing evidence that defendant committed the offense charged. Defendant added in the space below that "[t]he only evidence presented by the State was the synopsis, which is insufficient for clear and convincing evidence." Defendant also checked a box indicating that the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or defendant's willful flight. According to defendant, the only evidence presented of his willful flight was "that he cut off the GPS monitor and left the State, which, without more, is not clear and convincing evidence." Finally, defendant checked a box indicating that the circuit court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor. Defendant argues that he was "seeking to resolve these cases and that he wanted to complete substance abuse classes." He contends that this condition "would be less restrictive" and prevent him from committing further offenses. In addition, he argues that no evidence was presented to show why a GPS monitor would be inappropriate in this case.

¶ 10    We review whether the circuit court's findings were against the manifest weight of the evidence. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13; *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 10; *cf. People v. Tennort*, 2023 IL App (2d) 220313, ¶ 15 (applying the manifest-weight-

of-the-evidence standard to the circuit court's findings of fact on a motion to suppress evidence). A finding is against the manifest weight of the evidence when it is unreasonable. *People v. Sims*, 2022 IL App (2d) 200391, ¶ 72. We review the court's ultimate decision regarding pretrial release for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13.

¶ 11    Here, the circuit court's findings were not against the manifest weight of the evidence. The police report proffered by the State shows that on July 8, 2021, defendant was placed on an electronic home monitoring detention program as a condition of bond following charges of arson and possession of a stolen motor vehicle. He was arrested on a felony escape charge for failing to comply with the GPS order on July 12, 2021. Thereafter, on August 18, 2021, he posted bond and was ordered back onto the electronic home monitoring detention program. The court order specifically stated that defendant was required to comply with the July 8, 2021, order if he posted bond. On August 20, 2021, defendant cut off his GPS tracking system. Police officers found the tracker in a grassy ditch along a highway. Defendant absconded with the beacon/charger for the device. Police officers searched for defendant and could not find him. The State then approved felony charges for escape due to defendant being unmonitored for more than 48 hours.

¶ 12    Considering these facts and defendant's additional indictments for offenses other than a Class 4 offense, including arson (a Class 2 felony), possession of a stolen motor vehicle (a Class 2 felony), and escape (a Class 3 felony), we agree with the circuit court's conclusion that clear and convincing evidence demonstrated that defendant "has a high likelihood of willful flight to avoid prosecution and is charged with *** [a] felony offense other than a Class 4 offense." 725 ILCS 5/110-6.1(a)(8) (West 2022). Furthermore, these facts supported the conclusion that neither GPS nor electronic monitoring would mitigate the threat that defendant would avoid prosecution because he had previously cut off his GPS monitor, fled the State, and committed burglary outside

this jurisdiction. Preposterously, defendant now argues that the court should have again placed him on GPS monitoring. In sum, the court quite reasonably found that defendant has a high likelihood of willful flight to avoid prosecution, and that no condition of release could mitigate that risk.

¶ 13 For the aforementioned reasons, the circuit court did not err in denying defendant's pretrial release. Accordingly, we affirm the judgment of the circuit court of Kane County.

¶ 14 Affirmed.