NOTICE

Decision filed 11/13/23. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2023 IL App (5th) 230698

NO. 5-23-0698

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|---|---|---|
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Coles County. |
| | ) | |
| v. | ) | No. 23-CF-365 |
| | ) | |
| JOSEPH VINGARA, | ) | Honorable |
| | ) | Brian L. Bower, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court, with opinion.
Justices Welch and Moore concurred in the judgment and opinion.

**OPINION**

¶ 1    The defendant, Joseph Vingara, appeals the trial court's order of September 19, 2023, granting the State's petition to deny the defendant's pretrial release pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). The defendant claims that the Act does not allow the State to file a verified petition to deny pretrial release in cases where a defendant remains in custody after having been ordered released on the condition of depositing security. In this case, the

_____

[1]"The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

defendant was arrested and detained before September 18, 2023—the date the Act went into effect. Accordingly, this appeal presents a narrow issue only relevant to those defendants who were arrested and detained prior to the effective date of the Act. Therefore, our holding should not be construed to affect those defendants arrested on or after the effective date of the Act. For the reasons that follow, we vacate the order of September 19, 2023, and remand the cause for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3     On July 14, 2023, the defendant was charged by information with three felony offenses and two misdemeanor offenses. Count I alleged unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2022)), a Class 2 felony and non-probationable offense. Count II alleged possession of methamphetamine (720 ILCS 646/60(a) (West 2022)), a Class 3 felony. Count III alleged unlawful use of a weapon (720 ILCS 5/24-1(a)(2) (West 2022)), a Class A misdemeanor. Count IV alleged aggravated assault (720 ILCS 5/12-2(c)(1) (West 2022)), a Class A misdemeanor. Count V alleged forgery (720 ILCS 5/17-3(a)(2) (West 2022)), a Class 3 felony, with eligibility for an extended-term sentence based upon a prior Class X conviction in Coles County. During a hearing on July 14, 2023, the trial court set the defendant's bond at $50,000, with additional conditions that the defendant undergo a substance abuse evaluation and have no contact with the victims.[2] On July 20, 2023, the State amended count I of the information. Count I, as amended, alleged that the defendant committed the offense of unlawful use of a weapon by a felon in that he knowingly possessed metal knuckles and had been previously convicted of a felony

_____

[2]The defendant's bond and other conditions of pretrial release were set prior to the effective date of the Act.

2

offense in Coles County. The amended charge was a Class 2 felony and a non-probationable offense. The defendant was unable to post bond and remained in detention.

¶ 4    On September 18, 2023, the effective date of the Act, the State filed a petition to deny pretrial release pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)), as amended by the Act. On September 19, 2023, the trial court held a hearing on the State's petition. After considering the State's proffer, the exhibits, and the arguments of counsel, the trial court entered a written order of detention. In the order, the trial court found by clear and convincing evidence that the proof was evident and the presumption great that the defendant had committed "a qualifying offense listed in paragraphs (1) though (7) of 725 ILCS 5/110-6.1(a)," that the defendant posed a real and present threat to the safety of persons or the community based upon the articulable facts of the case, and that no condition or combination of conditions could mitigate the real and present threat to the safety of any person or persons. In addition, pursuant to section 110-6.1(h)(1) of the Code (725 ILCS 5/110-6.1(h)(1) (West 2022)), the trial court found that the following factors supported the denial of pretrial release: (1) the evidence showed that the defendant's actions were violent in nature or included the use or threat of a weapon; (2) the defendant's prior history indicated violent, abusive, or assaultive behavior; and (3) there was evidence that the defendant had access to a weapon. The defendant filed a timely appeal. Ill. S. Ct. R. 604(h) (eff. Sept. 18, 2023).

¶ 5                                    II. ANALYSIS

¶ 6          A. The Act's Amendments to Pretrial Release Provisions Under the Code

¶ 7    Pretrial release is governed by article 110 of the Code, as amended by the Act. 725 ILCS 5/art. 110 (West 2022). Under the Code, a defendant's pretrial release may only be denied in certain statutorily limited situations. See 725 ILCS 5/110-2(a), 110-6.1 (West 2022). Upon filing

a timely, verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that a defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-6.1(e), (f) (West 2022).

¶ 8     Factors that the trial court may consider in making a determination of dangerousness, *i.e.*, that the defendant poses a real and present threat to any person or the community, include, but are not limited to, (1) the nature and circumstances of any offense charged, including whether the offense is a crime of violence involving a weapon or a sex offense; (2) the history and characteristics of the defendant; (3) the identity of any person to whom the defendant is believed to pose a threat and the nature of the threat; (4) any statements made by or attributed to the defendant, together with the circumstances surrounding the statements; (5) the age and physical condition of the defendant; (6) the age and physical condition of the victim or complaining witness; (7) whether the defendant is known to possess or have access to any weapons; (8) whether at the time of the current offense or any other offense, the defendant was on probation, parole, or other form of supervised release from custody; and (9) any other factors, including those listed in section 110-5 of the Code (725 ILCS 5/110-5 (West 2022)). 725 ILCS 5/110-6.1(g) (West 2022).

¶ 9     If the trial court finds that the State proved a valid threat to the safety of any person or the community and/or defendant's likely willful flight to avoid prosecution, or defendant's failure to abide by previously issued conditions of pretrial release, the trial court must determine which pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as

4

required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a) (West 2022). In reaching its determination, the trial court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant;[3] (4) the nature and seriousness of the specific, real and present threat to any person that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a) (West 2022). The statute lists no singular factor as dispositive. 725 ILCS 5/110-5(a) (West 2022).

¶ 10    If the trial court determines that the defendant should be denied pretrial release, the court is required to make written findings summarizing the reasons for denying pretrial release. 725 ILCS 5/110-6.1(h) (West 2022). The trial court's determination regarding pretrial release will not be reversed absent an abuse of discretion. See *People v. Perruquet*, 68 Ill. 2d 149, 154 (1977); *People v. Etherton*, 2017 IL App (5th) 140427, ¶ 15 (setting similar standard of review for the sentence imposed on the defendant after the trial court's consideration of statutory factors and evidence presented at sentencing). Likewise, questions regarding whether the trial court properly considered one or more of the statutory factors in determining dangerousness and/or conditions of release are reviewed for an abuse of discretion. See *People v. Simmons*, 2019 IL App (1st) 191253, ¶¶ 9, 15 (in considering trial court's decision to deny bail, the reviewing court will not substitute

---

[3]The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings," as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2022).

5

its judgment for that of the trial court merely because it would have balanced the appropriate factors differently). An abuse of discretion occurs when the decision of the circuit court is arbitrary, fanciful, or unreasonable, or when no reasonable person would agree with the position adopted by the trial court. *Simmons*, 2019 IL App (1st) 191253, ¶ 9. Additionally, the trial court's finding that the State presented clear and convincing evidence showing that mandatory conditions of release would fail to protect any person or the community, and/or that the defendant had a high likelihood of willful flight to avoid prosecution, or that the defendant failed to comply with previously issued conditions of pretrial release thereby requiring a modification or revocation of the previously issued conditions of pretrial release will not be reversed unless those findings are against the manifest weight of the evidence. See *In re C.N.*, 196 Ill. 2d 181, 208 (2001) (setting a similar standard of review for requirement of clear and convincing evidence by the State in juvenile proceedings). "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). "Under the manifest weight standard, we give deference to the trial court as the finder of fact because it is in the best position to observe the conduct and demeanor of the [defendant] and witnesses." *Deleon*, 227 Ill. 2d at 332.

¶ 11                    B. Whether the Trial Court Erred in Denying Pretrial Release

¶ 12    On appeal, the defendant claims that the State did not have the authority to file a petition to deny pretrial release under the Code due to the timing requirements of section 110-6.1(c)(1) (725 ILCS 5/110-6.1(c)(1) (West 2022)). He notes that his bail had already been set, with conditions, prior to the effective date of the Act. The defendant acknowledges that his attorney did not object to the State's petition and that this claim of error was not raised in his notice of appeal. He seeks review under the second prong of the plain-error doctrine. Under the second prong of

6

plain-error review, a reviewing court may consider a forfeited error when the error is so serious that it deprives the defendant of a substantial right. *People v. Herron*, 215 Ill. 2d 167, 170 (2005). In the alternative, the defendant contends that his counsel's failure to object to the State's petition constituted ineffective assistance of counsel. The defendant also claims that the trial court erred in denying pretrial release because the State did not meet its burden of proof.

¶ 13    In response, the State claims that the defendant's argument regarding the ability of the State to file a verified petition subsequent to the defendant's arrest and bond order was authorized by the intent and language of the Act, citing section 110-2(e) of the Code (725 ILCS 5/110-2(e) (West 2022)). The State also references section 110-6(i), which provides, "Nothing in this Section shall be construed to limit the State's ability to file a verified petition seeking denial of pretrial release under subsection (a) of Section 110-6.1 or subdivision (d)(2) of Section 110-6.1." 725 ILCS 5/110-6(i) (West 2022). In addition, the State claims that it proved, by clear and convincing evidence, that the proof was evident or the presumption great that the defendant committed a qualifying offense, that the defendant posed a real and present threat to the community or persons, that the defendant had access to weapons and had a prior criminal history involving violence, and that the defendant's actions were violent in nature. Finally, the State argues that the defendant's ineffective assistance of counsel argument is without merit.

¶ 14    We first consider the defendant's claim that the State had no authority to file its petition and thus the trial court had no basis upon which to enter the order denying pretrial release. This issue involves a matter of statutory construction and is reviewed *de novo*. *People v. Taylor*, 2023 IL 128316, ¶ 45.

¶ 15    "The primary goal of statutory construction, to which all other rules are subordinate, is to ascertain and give effect to the intention of the legislature." *Jackson v. Board of Election*

7

*Commissioners*, 2012 IL 111928, ¶ 48. The best indication of the legislative intent is the plain language of the statute. *Jackson*, 2012 IL 111928, ¶ 48. "The statute should be evaluated as a whole, with each provision construed in connection with every other section. When the statutory language is clear, we must apply the statute as written without resort to other tools of construction." *Jackson*, 2012 IL 111928, ¶ 48.

¶ 16 Section 110-6.1 sets forth the prerequisites for denial of pretrial release. 725 ILCS 5/110-6.1 (West 2022). Subsection (c)(1) mandates the timing of a petition to detain and provides as follows:

"(1) A petition may be filed without prior notice to the defendant at the first appearance before a judge, or within the 21 calendar days, except as provided in Section 110-6, after arrest and release of the defendant upon reasonable notice to defendant; provided that while such petition is pending before the court, the defendant if previously released shall not be detained." 725 ILCS 5/110-6.1(c)(1) (West 2022).

Under the plain language of this subsection, the State may file a petition to detain at the time of the defendant's first appearance before a judge; no prior notice to the defendant is required. Alternatively, the State may file a petition to detain the defendant within 21 calendar days after the arrest and release of the defendant; however, reasonable notice is to be provided to the defendant under this circumstance. The exception to these timing requirements is set forth in section 110-6(i) (725 ILCS 5/110-6(i) (West 2022)).

¶ 17 Section 110-6 addresses the revocation of pretrial release, the modification of conditions of pretrial release, and sanctions for violations of conditions of pretrial release and provides in pertinent part as follows:

8

"(a) When a defendant has previously been granted pretrial release under this Section for a felony or Class A misdemeanor, that pretrial release may be revoked only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release after a hearing on the court's own motion or upon the filing of a verified petition by the State.

* * *

(b) If a defendant previously has been granted pretrial release under this Section for a Class B or Class C misdemeanor offense, a petty or business offense, or an ordinance violation and if the defendant is subsequently charged with a felony that is alleged to have occurred during the defendant's pretrial release or a Class A misdemeanor offense that is alleged to have occurred during the defendant's pretrial release, such pretrial release may not be revoked, but the court may impose sanctions under subsection (c).

* * *

(i) Nothing in this Section shall be construed to limit the State's ability to file a verified petition seeking denial of pretrial release under subsection (a) of Section 110-6.1 or subdivision (d)(2) of Section 110-6.1." 725 ILCS 5/110-6(a), (b), (i) (West 2022).

¶ 18    We find that section 110-6 is not applicable to the defendant because he had not been released from detention following his arrest and he had not been charged with any new offenses. Accordingly, the exception to the timing requirements set forth in section 110-6.1(c)(1) is also not applicable to the defendant. Based on the foregoing, we find that the State's petition to detain the defendant pursuant to section 110-6.1 was untimely and that the trial court did not have the authority to detain the defendant pursuant to the untimely petition.

9

¶ 19    Although section 110-6 is inapplicable to the defendant, another section of the Code addresses persons who were arrested prior to the effective date of the Act and separates them into three categories. 725 ILCS 5/110-7.5 (West 2022). The first category consists of any person who was released subject to pretrial conditions prior to the effective date of the Act. 725 ILCS 5/110-7.5(a) (West 2022). The second category consists of any person who remains in pretrial detention after being ordered released with pretrial conditions. 725 ILCS 5/110-7.5(b) (West 2022). The third category consists of any person who remains in pretrial detention and whose bond was previously set as "no bail." 725 ILCS 5/110-7.5(b) (West 2022).

¶ 20    The defendant belongs in the second category. 725 ILCS 5/110-7.5(b) (West 2022). Section 110-7.5(b) provides:

"(b) On or after January 1, 2023, any person who remains in pretrial detention after having been ordered released with pretrial conditions, including the condition of depositing security, shall be entitled to a hearing under subsection (e) of Section 110-5.

On or after January 1, 2023, any person, not subject to subsection (b), who remains in pretrial detention and is eligible for detention under Section 110-6.1 shall be entitled to a hearing according to the following schedule:

(1) For persons charged with offenses under paragraphs (1) through (7) of subsection (a) of Section 110-6.1, the hearing shall be held within 90 days of the person's motion for reconsideration of pretrial release conditions.

(2) For persons charged with offenses under paragraph (8) of subsection (a) of Section 110-6.1, the hearing shall be held within 60 days of the person's motion for reconsideration of pretrial release conditions.

10

(3) For persons charged with all other offenses not listed in subsection (a) of Section 110-6.1, the hearing shall be held within 7 days of the person's motion for reconsideration of pretrial release conditions." 725 ILCS 5/110-7.5(b) (West 2022).

¶ 21 Section 110-5(e) provides:

"If a person remains in pretrial detention 48 hours after having been ordered released with pretrial conditions, the court shall hold a hearing to determine the reason for continued detention. If the reason for continued detention is due to the unavailability or the defendant's ineligibility for one or more pretrial conditions previously ordered by the court or directed by a pretrial services agency, the court shall reopen the conditions of release hearing to determine what available pretrial conditions exist that will reasonably ensure the appearance of a defendant as required, the safety of any other person, and the likelihood of compliance by the defendant with all the conditions of pretrial release. The inability of the defendant to pay for a condition of release or any other ineligibility for a condition of pretrial release shall not be used as a justification for the pretrial detention of that defendant." 725 ILCS 5/110-5(e) (West 2022).

¶ 22 We have reviewed the entire Code and analyzed the relevant provisions in each section together, rather than alone. Based upon our review, we find that defendants such as Vingara who previously had pretrial conditions of release set, including the depositing of monetary security, have two options available. Under sections 110-5(e) and 110-7.5(b), a defendant may file a motion seeking a hearing to determine the reasons for continued detention. If the trial court finds that the defendant's continued detention is due to the "unavailability or the defendant's ineligibility for one or more pretrial conditions previously ordered by the court or directed by a pretrial services

11

agency," the trial court is required to "reopen" the conditions of release hearing. 725 ILCS 5/110-5(e), 110-7.5(b) (West 2022). During the hearing, the court will be required to determine what available conditions exist that will reasonably ensure the appearance of the defendant, the safety of any person or the community, and the likelihood of the defendant's compliance with all conditions of pretrial release. 725 ILCS 5/110-5(e) (West 2022). Thus, the court may consider the matters set forth in subsection 110-5(a) (725 ILCS 5/110-5(a) (West 2022)). Alternatively, a defendant may elect to remain in detention until such time as the previously set monetary security may be paid. Some defendants may choose this second option, which allows for the possibility of pretrial release if the previously set monetary security is posted, as opposed to requesting a hearing pursuant to the first option, after which they might be detained without any possibility of pretrial release. This is analogous to when a change in the sentencing law occurs after a defendant has committed the offense—the defendant is given the opportunity to choose to be sentenced under that law that existed at the time of the offense or the newly enacted law. *People v. Horrell*, 235 Ill. 2d 235, 242 (2009).

¶ 23     In sum, we find that the trial court erred in granting the State's untimely motion to deny pretrial release and that the error affected substantial rights of the defendant under the second prong of the plain-error doctrine. Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967); *People v. Piatkowski*, 225 Ill. 2d 551, 564-65 (2007). Accordingly, this matter must be remanded to the trial court. On remand, the defendant may elect to stand on the terms of his original pretrial conditions—an election that would require no action on his part—or he may file a motion for a hearing under section 110-5(e). Because the resolution of this issue is dispositive, we will not consider the defendant's other claims of error.

¶ 24                                III. CONCLUSION

¶ 25    For the reasons stated, we vacate the trial court's order of September 19, 2023, and remand the cause for further proceedings.

¶ 26    Order vacated; cause remanded.

*People v. Vingara*, 2023 IL App (5th) 230698

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Coles County, No. 23-CF-365; the Hon. Brian L. Bower, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Ann B. McLennan, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |