2024 IL App (1st) 1997-U

No. 1-23-1997B

Order filed January 23, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 DV 7525501 |
| | ) | |
| VINCENT BERRY, | ) | Honorable |
| | ) | Thomas Nowinski, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE ODEN JOHNSON delivered the judgment of the court.
Justices Hyman and C.A. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Trial court's denial of defendant's pretrial release was an abuse of discretion and its finding that no less restrictive conditions would avoid the threat to any persons or the community was against the manifest weight of the evidence where the trial court did not consider any alternatives to detention. Order reversed and remanded for consideration of detention alternatives.

¶ 2    Defendant-appellant Vincent Berry, by and through his attorney, brings this appeal under

Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023) challenging the circuit court's order

entered on October 13, 2023, pursuant to, what is commonly known as the Pretrial Fairness Act.[1] The circuit court's order denied pretrial release after defendant was charged with aggravated battery with a deadly weapon (class X felony) and aggravated domestic battery (class 2 felony). Appellant filed a notice in lieu of a Rule 604h memorandum and the State filed a memorandum in response. For the following reasons, we reverse and remand.

¶ 3                                  BACKGROUND

¶ 4      A summary of the relevant evidence proffered by the State during the hearing on the State's Petition for Detention is as follows: Defendant and the complaining witness were previously in a dating relationship. Although the dating relationship had ended, they continued to live together. On or about October 10, 2023, defendant and the complaining witness began to argue. At some point during the argument, defendant pointed a firearm at the witness and reportedly threatened to shoot her. According to the complaining witness, defendant had never threatened her with a gun before. Thereafter, the complaining witness heard three to four gunshots and then realized she was shot in the arm and stomach. Defendant reportedly pointed the gun to his head and then back at her. He next took the witness' phone and keys, picked up shell casings, and put the gun in a bag. The complaining witness went across the street and told people to call 911. Defendant then approached the complaining witness and gave her both her phone and his. When another witness asked the complaining witness who the person was that brought the phones, she replied "that's who did it." A police sergeant reviewed video footage on a neighbor's phone and observed a person

_____

[1] In 2021, the General Assembly passed two separate acts that "dismantled and rebuilt Illinois's statutory framework for the pretrial release of criminal defendants." *Rowe v. Raoul*, 2023 IL 129248, ¶4 (discussing Pub. Act 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023) (amending 725 ILCS 5/art. 110) (the Pretrial Fairness Act) and Pub. Act 102-1104 (eff. Jan. 1, 2023) (the Follow-Up Act).

walk down the alleyway past the neighbor's garage with a dark colored duffel bag. The sergeant conducted a search of the alleyway and located the dark duffel bag. The complaining witness was subsequently transported to the hospital and had emergency surgery.

¶ 5 The defendant made a statement to officers implying that he and the complaining witness "got into it," were wrestling with the gun, and the gun accidentally went off. The defense proffered that defendant grabbed the keys and phones in preparation to take the complaining witness to the hospital. While he was preparing to get the vehicle, the complaining witness went across the street and asked the neighbors to call 911.

¶ 6 The mitigating factors presented at the hearing were that defendant was 51 years old and a lifelong resident of Chicago, Illinois. He graduated from high school, and although he took some classes to become an electrician, he worked for United Parcel Service for 21 years. He also volunteered at Renaissance Senior Home in his neighborhood. Defendant did not have a history of violent crimes. His background only consisted of a 2001 felony manufacturing delivery of a controlled substance, for which he completed 24 months' probation. The pretrial officer reported that defendant had a new criminal activity score of two, a failure to appear score of three, and PSA score that coincided with pretrial supervision level one.

¶ 7 Based thereon, and "in consideration of the factors in determining dangerousness as set forth in the statute, specifically 725 ILCS 5/110-6.1(g)", the circuit court found defendant to be a danger to the victim as well as the community. The court specifically noted the complaining witness' multiple gunshot wounds, which were inconsistent with the defendant's contention that the gun accidentally discharged during a tussle. The court also considered the complaining witness' physical condition, which required her to have emergency surgery. Accordingly, the court

found that the State had "proven by clear and convincing evidence that the proof was evident and the presumption great that defendant had committed the offenses of aggravated domestic battery and aggravated battery with a firearm, which are qualifying offenses: and, that defendant poses a real and present threat to the safety of any person or community based on the articulable facts in the record."

¶ 8    The record reveals that the court did not specify whether no condition or combination of conditions of pretrial release can mitigate the real and present threat, and no less restrictive conditions would avoid a real and present threat posed by the defendant. The court nonetheless ordered that the defendant be detained and remanded to the custody of the Cook County Sheriff pending trial.

¶ 9    Defendant's appeal was timely filed within 14 days, thereby conferring jurisdiction upon this court. In considering this appeal, we have reviewed the following documents that were submitted pursuant to Rule 604(h): defendant's Notice of Pretrial Fairness Act Appeal in lieu of supporting memorandum, and the State's memorandum in response.

¶ 10                                          ANALYSIS

¶ 11   On appeal, defendant rests on his Notice in Lieu of Rule 604h memorandum. Defendant does not contest that the State met its burden of proving by clear and convincing evidence that the proof is evident and presumption great that the defendant committed a qualifying offense or that the charges are detainable under 725 ILCS 5/110-6.1 (West 2022). Instead, defendant challenges whether the State met its burden of proving by clear and convincing evidence that he poses a real and present threat to the safety of any person, or the community based on the facts of the case and

further contends that the State failed to show that no condition or combination of conditions could mitigate the real and present threat to the safety of any person or the community.

¶ 12    The State responds that, given the nature of this crime and the manner in which it was committed, the trial court's conclusion that defendant was a danger to the community was not arbitrary, fanciful, or unreasonable. Defendant committed an extremely violent crime and "thus there is every reason to believe defendant has access to a firearm and he certainly has the inclination to use one." The State relies on *Whitmore* which stated, "decisions regarding release, conditions of release, and detention prior to trial must be individualized, and no single factor or standard may be used exclusively to order detention." *People v. Whitmore*, 2023 IL App (1st) 231807B, ¶18. "Nothing in the Act authorizes a reviewing court to reweigh the factors at play." *Id.*

¶ 13    Defendant has limited his appeal to challenging the trial court's finding that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and or prevent the defendant's willful flight from prosecution. Therefore, for the sake of court efficiency, we will only address that issue.

¶ 14    Pretrial release is governed by Article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq* (West 2022)). Under the Code, all persons charged with an offense are eligible for pretrial release before conviction. 725 ILCS 5/110-2(a) (West 2022).

¶ 15    Pursuant to the Code, a defendant's pretrial release may be denied only in certain statutorily limited situations. 725 ILCS 5/110-6.1 (West 2022).  Upon the State's filing of a verified petition requesting denial of pretrial release, the State has the burden of proving by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a

qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-2; 5/110-6.1(a)(1.5), (4), (8) (West 2022). At all pretrial hearings, the prosecution has the burden of proving by clear and convincing evidence that any condition of release is necessary. 725 ILCS 5/110-2(b) (West 2022). In any order for detention, the court shall make a written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-6.1(h)(1) (West 2022).

¶ 16    The trial court's determination regarding the dangerousness and or conditions of release are reviewed for an abuse of discretion. *People v. Simmons*, 2019 IL App (1st) 191253, ¶¶ 9, 15; *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 10. An abuse of discretion occurs when the decision of the trial court is arbitrary, fanciful, or unreasonable, or when no reasonable person would agree with the position adopted by the trial court. *Simmons*, 2019 IL App (1st) 191253, ¶ 9; *Vingara*, 2023 IL App (5th) 230698, ¶ 10.

¶ 17    A circuit court's finding that the State presented clear and convincing evidence that mandatory conditions of release would fail to protect any person or the community, and/or that the defendant had a high likelihood of willful flight to avoid prosecution, or that the defendant failed to comply with previous conditions of pretrial release thereby requiring a modification or revocation of the previously issued conditions of pretrial release, will not be reversed unless those

findings are against the manifest weight of the evidence. *Vingara*, 2023 IL App (5th) 230698, ¶ 10. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill.2d 322, 332 (2008). Under this standard, we give deference to the trial court as the finder of fact as it is in the best position to observe the conduct and demeanor of the witnesses." *Deleon*, 227 Ill. 2d at 332.

¶ 18    In the case at bar, upon consideration of the specific articulable facts of the case and the record of the detention hearing, we are hard pressed to find that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community. The complaining witness was someone that defendant lived with and previously dated. She had never known him to threaten her previously and did not have a history of violence. While the trial court did consider the factors regarding the dangerousness, the court did not specifically consider alternatives to detention, as required by the Code. While we are careful not to substitute our judgment for the trial court, when there is no consideration given in the record, we cannot say that the trial court's finding was not against the manifest weight of the evidence.

¶ 19    As there is no evidence in the record that the trial court considered any alternatives to defendant's detention, we conclude that its order denying pretrial release was an abuse of discretion and remand for consideration of defendant's detention alternatives. In doing so, we are not making any finding that defendant is entitled to or must receive pretrial release; we are remanding based on our finding that the record contains no evidence that the trial court considered any detention alternatives as required by the statute prior to ordering defendant's confinement.

¶ 20                                CONCLUSION

¶ 21    For the foregoing reasons, we reverse the order of the Circuit Court of County requiring defendant's pretrial detention entered on October 15, 2023, and remand for further proceedings consistent with this order.  Mandate shall issue instanter.

¶ 22    Reversed and remanded.