NOTICE

Decision filed 02/02/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 231184-U

NO. 5-23-1184

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 23-CF-2675 |
| | ) | |
| DEMONTEZ L. SPRUILL, | ) | Honorable |
| | ) | A. Ryan Jumper, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Moore and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*: We reverse the circuit court's release order where the manifest weight of the evidence supported a dangerousness finding and it was an abuse of discretion to release defendant.

¶ 2    The State appeals the November 16, 2023, order of the circuit court of Madison County denying the State's petition for pretrial detention and granting defendant, Demontez L. Spruill, pretrial release with conditions. Pretrial release is governed by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act),[1] as codified in article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various

_____

[1]"The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

provisions of the Code); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). On appeal, the State argues that the circuit court abused its discretion by denying the State's verified petition; requests the circuit court's November 16, 2023, order be reversed; and requests that defendant be detained pending trial. For the following reasons, we reverse the circuit court's order granting defendant pretrial release and remand the matter for further proceedings in the circuit court.

¶ 3                                     I. BACKGROUND

¶ 4      On November 13, 2023, the State charged defendant by information with three counts: armed habitual criminal, a Class X felony, in violation of section 24-1.7(a) of the Criminal Code of 2012 (720 ILCS 5/24-1.7(a) (West 2022)); unlawful possession of weapons by a felon, a Class 3 felony, in violation of section 24-1.1(a) (*id.* § 24-1.1(a)); and aggravated unlawful use of weapons, a Class 4 felony, in violation of section 24-1.6(a)(1) (*id.* § 24-1.6(a)(1)). That same day, the State filed a verified petition to deny defendant pretrial release pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)). The State alleged that the proof was evident, and the presumption great, that defendant committed a detainable offense; that defendant was charged with armed habitual criminal, unlawful possession of a weapon by a felon, and aggravated unlawful use of a weapon; and that defendant's pretrial release posed a real and present threat to the safety of any person, persons, or the community.

¶ 5      On November 16, 2023, the circuit court held a hearing on the State's petition to detain. The State proffered that on November 11, 2023, Alton police officers were dispatched following a report of a reckless driver. The officers located the vehicle and found defendant sitting inside it.[2] Defendant was found to be in possession of a loaded handgun in a cross-body bag. The officers

---

[2]The State's notice of appeal and the parties' memorandums indicate defendant was asleep at the wheel with the vehicle running.

arrested defendant. The State emphasized that defendant had two prior convictions for gun offenses—one of which was aggravated discharge of a firearm at an occupied vehicle—and had just recently finished parole. The State argued that defendant posed a risk to the community because, despite his multiple prior firearm offenses, he was still being found in possession of firearms.

¶ 6 Defense counsel countered that the State did not meet its burden of showing that defendant posed a real and present threat to the physical safety of any person, persons, or the community. Counsel indicated that defendant was cooperative and honest with police, allowing himself to be disarmed and taken into custody by the officers. Counsel argued that, although defendant was not supposed to possess a firearm, he was in the category of individuals who "absolutely feel they need to carry a weapon because of the world they live in." Counsel explained that defendant had once been caught in crossfire which left him injured. Defendant scored low to moderate risk in the Virginia Pretrial Risk Assessment. Counsel stated that defendant was neither a flight risk nor a threat to any person or the community and would agree to any conditions of pretrial release.

¶ 7 After considering the parties' arguments, the circuit court stated it would "rely on the presumption within the Safety Act that everyone is eligible for pretrial release" and ordered defendant released. The court told defendant he was not allowed to possess a firearm and cautioned defendant that because of his history of firearm charges he would "keep getting picked up for these offenses" when interacting with police.

¶ 8 Also on November 16, 2023, the circuit court issued a written release order finding that the State failed to prove, by clear and convincing evidence, that defendant posed a real and present threat to the safety of a specific, identifiable person or persons or the community, based on the specific and articulable facts of the case. The circuit court's written release order imposed the mandatory pretrial release conditions and an additional condition that defendant "abide by all

3

requirements and restrictions of prior convictions." On November 22, 2023, the State timely appealed pursuant to Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023).

¶ 9                                                    II. ANALYSIS

¶ 10    On appeal, the State argues that the circuit court erred by finding that the State failed to meet its burden of proving by clear and convincing evidence that defendant posed a real and present threat to the safety of any person, persons, or the community, based on the specific, articulable facts of the case. Accordingly, the State argues that the circuit court abused its discretion by denying the State's verified petition for detention.

¶ 11    Pretrial release, including any conditions related thereto, is governed by the Act as codified in article 110 of the Code (725 ILCS 5/art. 110 (West 2022)). Under the Code, as amended by the Act, a defendant's pretrial release may only be denied in certain statutorily limited situations. *Id.* § 110-6.1. In Illinois, we presume all defendants are entitled to pretrial release. *Id.* §§ 110-2(a), 110-6.1(e).

¶ 12    Upon filing a timely verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that (1) the defendant committed a qualifying offense, (2) the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and (3) less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f). If the circuit court finds that the State proved a valid threat to the safety of any person or the community and/or the defendant's likely willful flight to avoid prosecution, or the defendant's failure to abide by previously issued conditions of pretrial release, the court must determine which pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as

4

required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Id.* § 110-5(a).

¶ 13 Our standard of review of pretrial release determinations is twofold. The circuit court's factual findings will be reviewed under the manifest weight of the evidence standard. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). The circuit court's ultimate determination regarding pretrial release will not be reversed absent an abuse of discretion. *People v. Swan*, 2023 IL App (5th) 230766, ¶ 11. An abuse of discretion occurs when the decision of the circuit court is arbitrary, fanciful, or unreasonable, or when no reasonable person would agree with the position adopted by the circuit court. *Id.*

¶ 14 First, we note that there is no dispute that at least one of the charges against defendant are qualifying offenses. 725 ILCS 5/110-6.1(a)(6) (West 2022). Therefore, we must determine whether the circuit court erred by finding that the State failed to prove, by clear and convincing evidence, that defendant posed a real and present threat to the safety of a specific, identifiable person or persons or the community, based on the specific and articulable facts of the case.

¶ 15 In support of its contentions, the State argues that the evidence shows that defendant is a danger to the community. The State asserts that, not only was defendant found possessing a firearm when prohibited from doing so, but "more dangerous than unlawful possession is unlawful possession by an individual who might use the gun." The State points to defendant's prior criminal history—all firearms-related offenses—as evidence that defendant is a risk to the community. Most notably, the State argues that the defendant's prior conviction for aggravated discharge of a firearm at an occupied vehicle shows defendant is willing to use a gun. Next, the State contends that there is "zero indication in the record that defendant will have learned his lesson and stop

5

carrying loaded firearms." The State points to defense counsel's statement at the motion hearing that defendant was in a class of people that "believe they absolutely need to carry a gun for protection." The State asserts that defense counsel was "effectively admitting" that defendant would continue to carry a gun. Lastly, the State argues that the circuit court's admonition that defendant not possess a weapon while on pretrial release is not a sufficient condition to prevent defendant from possessing a firearm. Instead, the State asserts, the circuit court "simply told defendant to not possess weapons. Again." The State believes the evidence shows that defendant is a danger to the community and therefore it was an abuse of discretion for the circuit court to deny the State's verified petition to detain and order defendant's release. We agree.

¶ 16    The record reveals that defendant was charged on November 16, 2023, with three felony offenses after being found in possession of a firearm: armed habitual criminal, unlawful possession of weapons by a felon, and aggravated unlawful use of weapons. These charges follow defendant's prior convictions for firearm offenses, which prohibited him from possessing a firearm. Specifically, in June 2021, defendant was convicted of a drug offense, aggravated unlawful use of a weapon, and aggravated discharge of a firearm at an occupied vehicle. The latter offense indicating that defendant is not only willing to illegally *possess* firearms but is equally willing to illegally *use* firearms. Defendant, knowing he cannot legally possess firearms, was found with a loaded handgun on his person while sitting in his vehicle on a public road in the community. Despite defendant's criminal history and similar conduct in this case, the circuit court found that the State did not meet its burden of proving a threat to the community and ordered defendant released. The court instructed defendant not to possess firearms, imposed standard conditions of pretrial release, and as the sole additional condition simply wrote that defendant must "abide by all requirements and restrictions of prior convictions." Defendant's current charges and past criminal convictions demonstrate a dangerous willingness to ignore the law and previously ordered

6

restrictions. Accordingly, we agree with the State that the conditions of pretrial release will likely not prevent defendant from again possessing weapons or committing further crime.[3]

¶ 17     The evidence shows that defendant is a danger to the community because the articulable facts of this case, in conjunction with his criminal history, show defendant is willing to ignore restrictions of his prior convictions and continue to possess weapons in public areas. In other words, defendant has demonstrated a willingness to illegally possess and use loaded firearms in the community. The circuit court's finding that defendant did not pose a real and present threat to the community was against the manifest weight of the evidence. Thus, we conclude that the circuit court abused its discretion by denying the State's petition and ordering defendant's release.

¶ 18                                    III. CONCLUSION

¶ 19     For the reasons stated, we reverse the circuit court's judgment and remand the cause for further proceedings consistent with this order.

¶ 20     Reversed and remanded.

---

[3]Though not considered when deciding this case, we take judicial notice of Madison County circuit court docket entries that indicate defendant (1) missed his trial in this case, (2) committed a subsequent felony by damaging gravestones in violation of section 1(b-5) of the Cemetery Protection Act (765 ILCS 835/1(b-5) (West 2022)) in case 24-CF-000104, and (3) has a warrant out for his arrest. *Kramer v. Ruiz*, 2021 IL App (5th) 200026, ¶ 32 n.3 (appellate courts can take judicial notice of computer docket sheets).