2024 IL App (3d) 230728

Opinion filed February 26, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0728 Circuit No. 23-CF-1953 |
| ALAN D. VOJENSKY, | ) ) ) | Honorable David Carlson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court, with opinion.
Justices Hettel and Albrecht concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Alan D. Vojensky, appeals from the Will County circuit court's granting of the State's petition to deny pretrial release, arguing, *inter alia*, that the court erred in granting the State's petition where it was untimely filed. We agree and vacate the court's detention order.

¶ 2                                   I. BACKGROUND

¶ 3     On October 17, 2023, defendant was arrested for unlawful possession of a controlled substance with intent to deliver, served with citations, and then released. The citations directed defendant to report to court on November 7, 2023. In the interim, on November 2, 2023, the grand jury returned true bills on two counts of possession of a controlled substance with intent to deliver

(Class 1) (720 ILCS 570/401(c)(1) (West 2022)) and three counts of unlawful possession of a controlled substance (Class 4) (*id.* § 402(c)). Defendant appeared in court as directed, out of custody, on November 7, 2023, and his case was continued to December 7, 2023. Defendant again appeared in court as directed, out of custody, on December 7, 2023, at which time the State filed a verified petition to deny pretrial release, alleging defendant was charged with a nonprobationable offense and his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a)(1) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(1) (West 2022)). Defendant was taken into custody pending a detention hearing that took place the next day.

¶ 4        At the December 8, 2023, detention hearing, the State proffered that, on October 17, 2023, officers executed a search warrant at defendant's residence, where defendant lived with a roommate. Both defendant and his roommate were present. From defendant's room officers recovered proof of residency, 6.48 grams of crack cocaine, 2.7 grams of crack cocaine, and 2.08 grams of heroin. Defendant admitted that he used and sold drugs. A search of the roommate's room recovered proof of residency and 2.6 grams of heroin. Defendant's criminal history consisted of convictions for unlawful possession of a controlled substance with intent to deliver and several retail thefts. The defendant sought pretrial release, arguing that the crimes were nonviolent and defendant was not a flight risk. The trial court granted the State's petition.

¶ 5                                      II. ANALYSIS

¶ 6        On appeal, defendant contends, in part, that the court erred in granting the State's petition where it was untimely filed. Defendant acknowledges that he failed to raise this issue in the circuit court but asks that we consider the issue under the second prong of the plain error doctrine. Under the second prong, we may consider a forfeited error where it is so serious that it deprives the

2

defendant of a substantial right. *People v. Herron*, 215 Ill. 2d 167, 179 (2005). The first step of the plain error analysis is to determine whether error occurred. *People v. Thompson*, 238 Ill. 2d 598, 613 (2010).

¶ 7 We review issues of statutory construction *de novo*. *People v. Taylor*, 2023 IL 128316, ¶ 45. The primary goal of statutory construction is to give effect to the intention of the legislature. *Id*. "The most reliable indicator of legislative intent is the language of the statute, which must be given its plain and ordinary meaning." *People v. Kastman*, 2022 IL 127681, ¶ 30.

¶ 8 Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id*. § 110-6.1. Relevant to this appeal, as to the timing of this petition, section 110-6.1(c)(1) provides,

> "*A petition may be filed without prior notice to the defendant at the first appearance before a judge, or within the 21 calendar days*, except as provided in Section 110-6, *after arrest and release of the defendant upon reasonable notice to defendant*; provided that while such petition is pending before the court, the defendant if previously released shall not be detained." (Emphases added.) *Id*. § 110-6.1(c)(1).

Section 110-6, referenced in section 110-6.1(c)(1), is inapplicable here, as it concerns the revocation or modification of pretrial release under certain circumstances. *Id*. § 110-6.

¶ 9 Section 110-6.1(c)(1) plainly provides that the State may file a petition to detain (1) at defendant's first appearance before a judge or (2) within the 21 calendar days after arrest and release of the defendant. Here, defendant was arrested, released, and charged by citation on October 17, 2023, and his first appearance in court was on November 7, 2023. The State did not file its petition to detain until December 7, 2023, which was 51 days after his arrest and release

3

and a month after his first court date. Accordingly, the State's petition to detain was untimely under either of the alternatives allowed in section 110-6.1(c)(1).

¶ 10         Having found error, we must determine whether the error is reversible under the second prong of the plain error doctrine. Under the second prong, "[p]rejudice to the defendant is presumed because of the importance of the right involved." *Herron*, 215 Ill. 2d at 187. Here, we find that the error was so serious that it deprived defendant of a substantial right. See *People v. Swan*, 2023 IL App (5th) 230766, ¶ 26 (finding that the State's untimely motion to deny pretrial release affected the substantial rights of the defendant under the second prong of the plain error doctrine). Defendant has the right to remain free pending trial unless the requirements of the statute are followed. Therefore, we vacate the order detaining defendant and direct the circuit court to release defendant. Based on our resolution, we need not consider defendant's argument that the trial court abused its discretion in granting the petition.

¶ 11                                   III. CONCLUSION

¶ 12         The judgment of the circuit court of Will County is vacated. Mandate to issue *instanter*.

¶ 13         Vacated.

*People v. Vojensky*, 2024 IL App (3d) 230728

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 23-CF-1953; the Hon. David Carlson, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Benjamin Wimmer, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |