NOTICE

Decision filed 04/22/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240230-U

NO. 5-24-0230

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 24-CF-52 |
| | ) | |
| ADAM FOX, | ) | Honorable |
| | ) | Robert E. McIntire, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Vaughan and Justice Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*: We reverse the circuit court's order denying the State's petition for pretrial detention where the manifest weight of the evidence demonstrated that no conditions could mitigate the threat defendant posed to others and the court abused its discretion by granting defendant pretrial release with conditions.

¶ 2    The State appeals the January 30, 2024, order of the circuit court of Vermilion County denying the State's petition for pretrial detention and granting defendant, Adam Fox, pretrial release with conditions, pursuant to Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act),[1] as codified in article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)). See

_____

[1]"The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Code); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). On appeal, the State argues that the circuit court abused its discretion by granting defendant pretrial release where it proved, by clear and convincing evidence, that no condition or combination of conditions could mitigate the threat defendant posed to others. For the following reasons, we reverse the circuit court's order granting defendant pretrial release and remand the matter for further proceedings in the circuit court.

¶ 3                                    I. BACKGROUND

¶ 4      On January 29, 2024, the State charged defendant by information with one count of knowing possession of a stolen firearm (720 ILCS 5/24-3.8(a) (West 2022)), a Class 2 felony, one count of unlawful possession of a weapon by a felon (*id.* § 24-1.1(a)), a Class 3 felony, and one count of unlawful use of a weapon (*id.* § 24-1(a)(1)), a Class A misdemeanor. That same day, the State filed a verified petition to deny defendant pretrial release pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)), alleging that defendant was charged with a detainable offense, that he posed a real and present threat to the safety of any person or persons or the community, and that no condition or combination of conditions could mitigate the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case.

¶ 5      On January 30, 2024, the circuit court held a hearing on the State's petition. At the hearing, the State proffered that, shortly after midnight on January 28, 2024, law enforcement found defendant passed out inside of a running vehicle in a McDonald's parking lot in Hoopeston, Illinois. Law enforcement noted that defendant's foot was on the brake of the vehicle, so one officer parked a squad car in front of the vehicle in case defendant's foot slipped off the brake when law enforcement attempted to wake him. After law enforcement shook defendant several

2

times, he awoke and released his foot off the brake pedal, causing the car to roll into the parked squad car. Law enforcement suspected that defendant was under the influence. When law enforcement opened the car door, officers located a loaded 9-millimeter handgun between the driver side door and defendant. Law enforcement learned that the gun had been reported stolen six months earlier.

¶ 6 The State argued that defendant posed a threat to the community and requested that the circuit court order him detained. In support, the State noted that defendant's criminal history included the following:

"A 2020 DUI case, where he received court supervision. That court supervision terminated previously. He is not on court supervision at this time for that offense. He has a 2018 aggravated unlawful use of a weapon, a Class 4 felony, where he was given 24 months of probation; a 2018 case, burglary, where he has a conviction. The sentencing information that we initially had was unclear. He also has a 2016 case out of Indiana, which is a possession of a controlled substance. That was a Class 4 felony, 24 months of probation as the disposition."

The State also clarified that defendant was charged with knowing possession of a stolen firearm and that defendant acknowledged he did not have a firearm owners' identification (FOID) card. Accordingly, the State requested that defendant be detained or, if released, that defendant be placed on GPS monitoring with all other standard terms and conditions of pretrial release, including the surrender of any firearms, weapons, or ammunition.

¶ 7 Counsel for defendant argued that there was no evidence showing that defendant knowingly possessed a stolen firearm. Counsel noted that defendant complied with law enforcement on January 28, 2024, and that the fact "that a gun was found near him [was] not clear and convincing evidence that he's a danger to the community." Counsel posited that "[t]here has

3

to be more than there was just a gun." Counsel also argued that defendant provided financial support for his child and that his family members were present in the courtroom supporting him. Counsel asserted that defendant had a minimal criminal history and that he successfully completed supervision or probation for the offenses outlined by the State. Counsel further asserted that there was no need for GPS monitoring. Accordingly, counsel requested that defendant be released with conditions, including the condition that he not possess a firearm or other dangerous weapon.

¶ 8 After considering the State's proffer and the arguments made by the parties, the circuit court found that the proof was evident, and the presumption great, that defendant committed a detainable offense. The court found, however, that it could not detain defendant based on the State's proffer. The court then stated,

> "I guess my biggest concern, really, is I'm a little bit concerned about [defendant] being out there driving around in the condition that he may have been found in. That's really where the danger might be. But you know, I don't know that that's enough for me to detain on either of these particular offenses, so I'm going to let [defendant] go.
>
> And he does have a bit of a criminal history, but frankly, the criminal history also tells me he's a local resident, and in any event, we're not dealing with an allegation that he's a flight risk, even though the non-probationable charge might give a person some sort of incentive to find another place to live beyond the reach of law enforcement. I would merely suggest to you, [defendant], that would be a very bad idea, in terms of the progress of your case."

The court denied the State's request for GPS monitoring.

¶ 9 Also, on January 30, 2024, the circuit court entered a written pretrial release order denying the State's petition for detention and ordering defendant released with conditions. The conditions required defendant to appear in court to answer the charge as ordered by the court, submit to the

4

orders and process of the court, not violate any criminal statute of any jurisdiction, and file written notice with the clerk of the court within 24 hours after a change of address. The court also imposed additional conditions that defendant report to pretrial services and comply with their reporting requirements, not leave the State of Illinois without permission of the court, and refrain from possessing a firearm or other dangerous weapons. The State timely appealed. Ill. S. Ct. R. 604(h)(2) (eff. Dec. 7, 2023).

¶ 10                                    II. ANALYSIS

¶ 11    On appeal, the State argues that the circuit court abused its discretion by finding that the State failed to meet its burden of proving, by clear and convincing evidence, that no condition or combination of conditions could mitigate the threat defendant posed to others. The State requests that this court reverse the court's order granting defendant pretrial release and remand with directions that defendant be detained prior to trial or, alternatively, with directions that defendant be subject to GPS monitoring as a condition of his release.

¶ 12    Pretrial release, including any conditions related thereto, is governed by the Act as codified in article 110 of the Code (725 ILCS 5/art. 110 (West 2022)). Under the Code, as amended by the Act, a defendant's pretrial release may only be denied in certain statutorily limited situations. *Id.* § 110-6.1. In Illinois, we presume all defendants are entitled to pretrial release. *Id.* §§ 110-2(a), 110-6.1(e). Upon filing a timely verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that (1) the defendant committed a qualifying offense, (2) the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and (3) less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f).

5

¶ 13 Factors that the circuit court may consider in making a "determination of dangerousness," *i.e.*, that the defendant poses a real and present threat to any person or the community include, but are not limited to, (1) the nature and circumstances of any offense charged, including whether the offense is a crime of violence involving a weapon or a sex offense; (2) the history and characteristics of the defendant; (3) the identity of any person to whom the defendant is believed to pose a threat and the nature of the threat; (4) any statements made by or attributed to the defendant, together with the circumstances surrounding the statements; (5) the age and physical condition of the defendant; (6) the age and physical condition of the victim or complaining witness; (7) whether the defendant is known to possess or have access to any weapons; (8) whether at the time of the current offense or any other offense, the defendant was on probation, parole, or other form of supervised release from custody; and (9) any other factors, including those listed in section 110-5 of the Code (*id.* § 110-5). *Id.* § 110-6.1(g).

¶ 14 If the circuit court finds that the State proved a valid threat to the safety of any person or the community and/or the defendant's likely willful flight to avoid prosecution, or the defendant's failure to abide by previously issued conditions of pretrial release, the court must determine which pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Id.* § 110-5(a). In reaching its determination, the circuit court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant;[2] (4) the nature and seriousness of the specific, real, and present threat to any person

---

[2]The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings," as well as "whether, at the time of the current offense or arrest, the

6

that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id.* The statute lists no singular factor as dispositive. See *id.*

¶ 15    Our standard of review of pretrial release determinations is twofold. The circuit court's factual findings will be reviewed under the manifest weight of the evidence standard. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). The circuit court's ultimate determination regarding pretrial release will not be reversed absent an abuse of discretion. *People v. Swan*, 2023 IL App (5th) 230766, ¶ 11. An abuse of discretion occurs when the decision of the circuit court is arbitrary, fanciful, unreasonable, or when no reasonable person would agree with the position adopted by the circuit court. *Id.*

¶ 16    Here, no reasonable person could find that releasing defendant with conditions would mitigate the threat of harm he posed to others. The State's proffer demonstrated that law enforcement found defendant asleep behind the wheel of a running vehicle with a loose, stolen firearm within his reach in a McDonald's parking lot. Law enforcement suspected that defendant was intoxicated when they discovered him. Defendant's criminal history included a "2020 DUI case," a "2018 aggravated unlawful use of a weapon" offense, a 2018 burglary offense, and a 2016 possession of a controlled substance offense. The State's proffer indicated that defendant had received court supervision or probation for several of his prior offenses. We agree with the State that the combination of facts in this case—defendant's possession of a stolen firearm, despite his

---

defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2022).

status as a convicted felon, the condition law enforcement found him in while operating a vehicle, and his criminal background—was sufficient to establish by clear and convincing evidence that he posed a threat to the safety of the community. Moreover, we find the circuit court's decision to grant defendant pretrial release with the condition that he surrender any firearm or dangerous weapon unreasonable, given the fact that defendant was charged with unlawful possession of a weapon by a felon. In other words, defendant was restricted from carrying a firearm based on his status as a felon, yet he was allegedly found in possession of a firearm when law enforcement discovered him asleep behind the wheel of a running vehicle.

¶ 17     Under these circumstances, we conclude that the circuit court's finding that the State failed to prove, by clear and convincing evidence, that defendant posed a threat to the safety of the community was against the manifest weight of the evidence. We also conclude that the court abused its discretion by ordering defendant released with conditions, where the manifest weight of the evidence demonstrated that no condition or combination of conditions could mitigate the threat defendant posed to others. Thus, we conclude that the circuit court erred by denying the State's petition for pretrial detention and granting defendant pretrial release.

¶ 18                                 III. CONCLUSION

¶ 19     For the reasons stated, we reverse the circuit court's January 30, 2024, order and remand the cause for further proceedings consistent with this order.

¶ 20     Reversed and remanded.