2024 IL App (1st) 2082-U

No. 1-23-2082B

Order filed January 25, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 CR1062101 |
| | ) | |
| JOVAN TURNER, | ) | Honorable |
| | ) | Geraldine D'Souza, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE ODEN JOHNSON delivered the judgment of the court.
Justices Hyman and C.A. Walker  in the judgment.

**ORDER**

¶ 1    *Held*:   Trial court's denial of defendant's pretrial release was an abuse of discretion and its finding that no less restrictive conditions would avoid the threat to any persons, or the community was against the manifest weight of the evidence where the circuit court did not articulate why specific alternatives to detention were not suitable.

¶ 2    Defendant-appellant Jovan Turner, by and through his attorney, brings this appeal under

Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023) challenging the trial  court's order entered

on October 19, 2023, pursuant to, what is commonly known as the Pretrial Fairness Act.[1] The trial court's order denied pretrial release after defendant was charged with two counts aggravated vehicular hijacking, two counts armed robbery, possession of a stolen motor vehicle, and aggravated fleeing or attempt to elude a peace officer. Appellant filed a notice of appeal, and the State filed a memorandum in response. For the following reasons, we reverse and remand with instruction.

¶ 3                                    BACKGROUND

¶ 4      A summary of the relevant evidence proffered by the parties during the hearing on the State's petition for detention is as follows: On September 7, 2023, officers responded to a call of vehicle hijacking of a white Mercedes. Defendant, who was allegedly driving a stolen white Dodge Charger, pulled up on the driver's side of the Mercedes. Two occupants  from defendant's car exited and pointed guns at the Mercedes' driver and another person who was talking to the driver from outside of the car. Defendant  remained in the white Charger. The two people then demanded that the driver of the Mercedes get out and also demanded money from the driver and the person who was standing outside of the car.

¶ 5      The two people fled the scene in the Mercedes and with the money. Defendant immediately drove off behind the Mercedes. As the two vehicles sped away, police spotted them and began a high-speed chase. The chase reached speeds up to 91 miles per hour before defendant lost control and crashed into a tree. Defendant fled on foot and was subsequently apprehended. Defendant

---

[1] In 2021, the General Assembly passed two separate acts that "dismantled and rebuilt Illinois's statutory framework for the pretrial release of criminal defendants." *Rowe v. Raoul*, 2023 IL 129248, ¶4 (discussing Pub. Act 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023) (amending 725 ILCS 5/art. 110) (the Pretrial Fairness Act) and Pub. Act 102-1104 (eff. Jan. 1, 2023) (the Follow-Up Act).

reportedly made post-*Miranda* statements admitting that he knew the car was stolen and also that the police were trying to pull him over.

¶ 6    Defendant was held without bond on a petition which was filed and granted on September 8, 2023. On October 6, 2023, defendant's counsel filed a petition for release from detention on defendant's behalf pursuant to 725 ILCS 5/110-1 *et. seq*. (West 2022). In the petition, defendant argued that he did not pose a real or present threat to the safety of any person or persons or the community. Defendant further asserted that he was 19 years old, lived with his mother and siblings, was employed, and planned to start college in the spring. Further, defendant had limited financial resources. The petition concluded that any further detention of defendant was unnecessary.

¶ 7    In response, the State filed a petition for a pretrial detention hearing on October 19, 2023, arguing that defendant had a high likelihood of willful flight, and that he posed a real and present threat to the safety of the community based on his admission, the video surveillance, and the fact that he was detained after fleeing from the stolen car used to commit the offense.

¶ 8    The trial court found that defendant posed a real and present threat to the safety of the community based on the specific facts as presented and that defendant used a firearm to steal a car and money. Additionally, the trial court found that defendant posed a serious risk of failure to appear in court based on the fact that he committed a vehicle hijacking while using a stolen car and fleeing from police. After the trial court's ruling, defense counsel asked for electronic monitoring, the trial court replied "no, I've made my ruling."

¶ 9    Defendant's appeal was timely filed within 14 days, thereby conferring jurisdiction upon this court. In considering this appeal, we have reviewed the following documents that were

submitted pursuant to Rule 604(h): defendant's notice of appeal from the order under the Pretrial Fairness Act, and the State's memorandum in response.

¶ 10                                    ANALYSIS

¶ 11    On appeal, defendant rests on his notice of appeal from the order under the Pretrial Fairness Act pursuant to Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023). Defendant does not contest that the State met its burden of proving by clear and convincing evidence that the proof is evident and presumption great that he committed a qualifying offense or that the charges are detainable under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). Instead, defendant challenges whether the State met its burden of proving by clear and convincing evidence that he poses a real and present threat to the safety of any person, or the community based on the specific articulable facts of the case and that no condition or combination of conditions could mitigate the real and present threat to the safety of any person or the community. Defendant further alleges that the court erred in its determination that no condition or combination of conditions would reasonably ensure his appearance for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor.

¶ 12    The State responds that defendant failed to offer any explanation or argument to support his claim that it did not meet its burden regarding the threat of real and present threat to the safety of any person or the community based on the specific articulable facts of the case' therefore, the claim should be disregarded. The State also argues that defendant does not point to any assumptions or generalizations that he claims the State used to argue that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or defendant's willful

flight. Lastly, the State asserts that the record and the trial court's written order demonstrates that the court complied with the requirements of section 110-6.1(h) of the Code and did not err when it found that no condition or combination of conditions would reasonably ensure defendant's appearance at later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor.

¶ 13    Pretrial release is governed by Article 110 of the Code (Code) (725 ILCS 5/110-1 *et seq*. (West 2022)). Under the Code, all persons charged with an offense are eligible for pretrial release before conviction. 725 ILCS 5/110-2(a) (West 2022).

¶ 14    Pursuant to the Code, a defendant's pretrial release may be denied only in certain statutorily limited situations. 725 ILCS 5/110-6.1 (West 2022). Upon the State's filing of a verified petition requesting denial of pretrial release, the State has the burden of proving by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-2; 5/110-6.1(a)(1.5), (4), (8) (West 2022). At all pretrial hearings, the prosecution has the burden of proving by clear and convincing evidence that any condition of release is necessary. 725 ILCS 5/110-2(b) (West 2022). In any order for detention, the court shall make a written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the

community, based on the specific articulable facts of the case, or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-6.1(h)(1) (West 2022).

¶ 15    The circuit court's determination regarding the dangerousness and or conditions of release is reviewed for an abuse of discretion. *People v. Simmons*, 2019 IL App (1st) 191253, ¶¶ 9, 15; *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 10. An abuse of discretion occurs when the decision of the circuit court is arbitrary, fanciful, or unreasonable, or when no reasonable person would agree with the position adopted by the circuit court. *Simmons*, 2019 IL App (1st) 191253, ¶ 9; *Vingara*, 2023 IL App (5th) 230698, ¶ 10.

¶ 16    A circuit court's finding that the State presented clear and convincing evidence that mandatory conditions of release would fail to protect any person or the community, and/or that the defendant had a high likelihood of willful flight to avoid prosecution, or that the defendant failed to comply with previous conditions of pretrial release thereby requiring a modification or revocation of the previously issued conditions of pretrial release, will not be reversed unless those findings are against the manifest weight of the evidence. *Vingara*, 2023 IL App (5th) 230698, ¶ 10. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill.2d 322, 332 (2008). Under this standard, we give deference to the circuit court as the finder of fact as it is in the best position to observe the conduct and demeanor of the witnesses." *Deleon*, 227 Ill. 2d at 332.

¶ 17    In the case at bar, defendant does not dispute that the State has shown by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed an eligible offense, namely aggravated vehicular hijacking, armed robbery, possession

of a stolen motor vehicle, and aggravated fleeing or attempt to elude a peace officer. As such, in the interest of court efficiency we will not review that finding.

¶ 18   The defendant did not file a memorandum and relied solely on his notice of appeal wherein he checked the boxes and supplemented the answers to the preprinted statements as he deemed appropriate. However, in challenging whether the State failed to meet its burden of proving by clear and convincing evidence that he poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, defendant merely checked the box and did not make any supporting argument or cite to any relevant caselaw. Even with its truncated procedures, Rule 604(h) still requires that the notice of appeal describe the requested relief and state the grounds for the relief requested. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 12. Relying on *Inman*, the State notes that this court indicated that such requirement "would appear to mean some form of argument is required, along with justification for claiming entitlement to relief–like references to the record, the evidence presented, or if possible, legal authority" and it is reasonable to conclude that appellants under Rule 604(h) are expected to "at least include some rudimentary facts, argument, or support for the conclusory claim they have identified by checking a box." *Id.* ¶¶ 12, 13. We agree.

¶ 19   Here, defendant does not state how or why he believes the State failed to meet its burden and we cannot be expected to formulate an argument for defendant. *Id.* ¶ 13. A reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented. *Id.* This court must remain an impartial tribunal and refrain from advocating for either party, thus we will not presume why defendant objects to the trial court's finding. We are therefore not in a position to find that the trial court abused its discretion in finding

that defendant posed a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case.

¶ 20    Next, we review defendant's claim that the State failed to prove by clear and convincing evidence that no condition or combination of conditions could mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or defendant's willful flight and that the trial court abused its discretion in so finding. We agree.

¶ 21    In response, the State relies on its verified petition and proffer at the hearing where it asserted that based on the articulable facts, no condition or combination of conditions can mitigate the risk of dangerousness or flight and concludes that there is support for the trial court's conclusion that the State met its burden. We find this argument to be circular and conclusory. Essentially the State wants to use the same facts that it used to support proof that defendant committed the offense charged to also support the conclusion that there are no suitable alternatives to detention. Aside from simply restating the alleged facts that resulted in the charges, the State must at a minimum present some discussion, reasoning, and or evidence as to why specific alternative conditions will not work. The record does not indicate that any alternatives to detention were presented, such as an explanation of why each alternative, whether it is electronic home monitoring, curfew, GPS, etc., was not a suitable alternative for this defendant as opposed to simply relying on the fact that he is charged with committing a crime. Based on the record before us, where there were no alternatives to detention presented or argument made as to why such alternatives were unsuitable, we cannot find that the State met its burden under the Code.

¶ 22    We now turn to whether the trial court's determination that the State met its burden was against the manifest weight of the evidence, and whether the trial court's ultimate decision to deny pretrial release was an abuse of discretion. The record reveals that when defendant's counsel asked the trial court to consider electronic home monitoring, the court responded "[no] I've made my ruling." The State contends that this indicates that the court considered it and rejected it. To the contrary, the court answered the specific question of "can you consider EHM?" and the judge said that it would not consider EHM after its ruling was already made. In the written order, as an explanation for why there was no condition or combination of conditions that would mitigate concerns for safety, the court wrote that "defendant used a firearm to take a vehicle and money, [drove] a stolen vehicle, and fled from police." While these are certainly reasons why defendant is being charged and possibly poses a risk of harm to a person or community, the order does not indicate why no alternatives to detention could curb or deter the unwanted behavior while the trial is pending. While the facts do allege that defendant was driving a stolen vehicle at the time of the Mercedes' theft, it is undisputed that defendant never exited the vehicle he was driving, nor did he possess the guns pointed at the driver of the Mercedes or companion during the theft. Defendant's background indicates that he has no prior criminal convictions and that he scored a one for background and a two for likelihood to reoffend on the pretrial assessment; it is unclear why no alternatives to detention were presented or deemed suitable for this defendant. The trial court's and a restatement of the facts of the offenses failed to adequately show why any alternatives to detention were unsuitable and did not meet the requirements of the Code. As noted above, in any order for detention, the court shall make a written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the

community, based on the specific articulable facts of the case, or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-6.1(h)(1) (West 2022). That did not happen here.

¶ 23    Because the trial court's order did not summarize its reasons for concluding that defendant should be detained nor did it specify why alternatives to detention were not suitable, we conclude that its order denying pretrial release was an abuse of discretion. We do not conclude that defendant is entitled to pretrial release, but instead find that the trial court's order did not comply with the Code. Accordingly, we remand this matter to the trial court for compliance with the Code, specifically to consider alternatives to detention and impose additional conditions as it deems appropriate. In doing so, we recognize that the preprinted form used by the trial courts in these instances does not list pretrial detention alternatives nor provide a space for the trial court to indicate why each of those alternatives are not suitable. However, the statute requires such findings to be made and it is the statute that controls, not the form.

¶ 24    While we are careful not to substitute our judgment for that of the trial court, when there is no indication that specific alternatives were presented by the State or considered by the court, we cannot say that the trial court's finding was not an abuse of discretion. Just as an appellant cannot simply check the box on the preprinted notice of appeal form to sufficiently present his argument on appeal, neither can the State simply conclude that there are no suitable alternatives to detention or that all of the alternatives have been considered based on the facts without discussing what the specific options were and why they were unsuitable.

¶ 25                                    CONCLUSION

¶ 26    For the foregoing reasons, we reverse the order of the circuit court of Cook County requiring defendant's pretrial detention entered on October 19, 2023, and remand for further proceedings consistent with this order.  Mandate shall issue instanter.

¶ 27    Reversed and remanded.