NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240015-U

NO. 4-24-0015

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 5, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| NATHAN WIGGINS, | ) | No. 23CF1232 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott Kording, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Steigmann and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, finding the circuit court did not abuse its discretion in imposing conditions for defendant's pretrial release and defendant was not denied the effective assistance of counsel.

¶ 2    Defendant, Nathan Wiggins, appeals the circuit court's order setting conditions for his pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), hereinafter as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52, 223 N.E.3d 1010 (setting the Act's effective date as September 18, 2023).

¶ 3    On appeal, defendant argues this court should overturn the circuit court's decision because the court failed to give sufficient weight to defendant's family ties in determining the

conditions of his release. Defendant further claims that abstention from alcohol is not a permissible release condition under section 110-10(b) of the Code (725 ILCS 5/110-10(b) (West 2022)), and as a result, defense counsel provided ineffective assistance by not objecting to it. We affirm.

¶ 4                                               I. BACKGROUND

¶ 5        On December 4, 2023, the State charged defendant by information with one count of aggravated fleeing or attempting to elude a peace officer (625 ILCS 5/11-204.1(a)(4) (West 2022)), two counts of domestic battery (720 ILCS 5/12-3.2(a)(1), (2) (West 2022)), and one count of criminal damage to property (720 ILCS 5/21-1(a)(1) (West 2022)).

¶ 6        That same day, the circuit court held a hearing regarding pretrial release. During the hearing, the State proffered the following, in relevant part. According to the State, on December 1, 2023, police responded to 1304 Beverly Lane in Bloomington, Illinois. Upon their arrival, Jacob Wiggins and his girlfriend, Heather Sharp, reported that Jacob's brother, defendant, had become heavily intoxicated after consuming alcohol. Defendant "flew into a violent rage" when Jacob suggested defendant play a different song on the guitar. Both Jacob and Heather reported defendant pushed and then physically attacked Jacob, punching him in the face and cutting his lip. Defendant also punched a hole in the wall before leaving the residence. Later that same day, police activated their emergency overhead lights after observing defendant disobey a stop sign while driving. Instead of stopping, defendant accelerated away from the pursuing officers and disregarded another stop sign. Defendant continued to flee until officers discontinued their pursuit of him. When police finally spoke with defendant the next day, defendant admitted he had pushed Jacob the night before and had seen the officers' emergency lights were activated.

¶ 7        The State then argued for the circuit court to, among other things, order defendant

to have no contact with Jacob, Heather, or the residence at 1304 Beverly Lane and refrain from

consuming alcohol as conditions of pretrial release. Defense counsel did not object to the

conditions of staying away from the residence and refraining from consuming alcohol but

disputed whether the no-contact condition was required, noting the siblings' close relationship.

¶ 8        After hearing arguments, the circuit court stated the following:

> "Well, the defendant is presumed innocent of the charges. The court is not
>
> adjudicating guilt or innocence here. Rather, I'm simply kind of assessing risk and
>
> determining under what conditions [defendant] can be released safely in the
>
> community. He will be released today by agreement of the parties.
>
> Six of the conditions on which you'd be released are agreed, the full
>
> mandatory conditions, the order to refrain from consuming any illegal substances
>
> and alcohol *** is one of them. And the other that's not disputed is the no contact
>
> with and to stay away from the Beverly [Lane] address. The only two disputed
>
> conditions—I guess I would really say it's one condition with two subparts—is
>
> whether the defendant should be ordered to have no contact with Jacob Wiggins
>
> or Heather Sharp.
>
> The court has considered the evidence, the evidentiary proffers of the
>
> parties, the arguments of the attorneys, the public safety assessment report, and all
>
> the statutory factors contained in section 110-5(a) of the Code *** which applies
>
> to disputed release conditions hearings. I've considered all of those factors
>
> carefully. This is not out [*sic*] long domestic battery or one that had significant
>
> harm done. The subsequent traffic incidents do make this a longer incident as the

defendant fled and committed a number of traffic violations. He fled so long the police gave up *** to avoid causing some sort of crash or other safety concern here. The domestic battery does involve physical injury, a bloody lip to Jacob, as well as damage to the walls in the property.

The defendant does not have a lengthy prior criminal record. Nothing indicates violence. *** The weight of the evidence seems to be pretty strong.

And does the defendant pose a real threat to Jacob and or Heather? I think so. Although certainly I've seen stronger threatening scenarios and certainly there's a history of alcohol abuse here and clearly that contributed to what occurred in this case.

The court does not think the defendant will attempt to obstruct [the] criminal justice process if released. And I don't think any of these conditions are really bearing on that. I have considered the components of subsection (a)(6) of section 110-5 of the *** Code regarding domestic violence cases or domestic battery cases here. There *** does not seem to be a history of domestic abuse by this defendant. Although this instance did clearly involve physical abuse.

Not sure what's going on mental health-wise with the defendant. I don't— what I mean by that is I don't have any information really one way or the other about those concerns. Defendant does not seem to have a history of violating court orders.

I don't know that he's generally a threat to any person. I don't think he really was to anyone outside of this particular occasion as to Jacob. No evidence

of use of or threatening to use deadly weapons. There is a history of alcohol abuse.

This incident was not extremely severe with respect to the domestic battery, although it was severe regarding the danger that [defendant] put the community in by the manner in which he was fleeing the police. Although again, *** that scenario has subsided and it is unlikely to recur. There was no weapon or sexual assault or strangulation or pregnancy abuse or abuse of pets or forcible entry in this case. There was a physical injury.

It does not seem like there's an anticipated separation of the relationship that the brotherly relationship between Jacob and the defendant that is contemplated here. No evidence of obsessive or controlling behaviors. The defendant has not expressed suicidal or homicidal ideations.

All that tends to suggest, well, there may not be a need for this. At the same time, this seems to be somewhat of an explosive scenario where, for no apparent legitimate reason, *** this defendant just flew off the handle and assaulted his brother and was so upset that he caused property damage and then fled the scene. So those are concerns as well regarding impulse control and the like.

It's difficult to foresee the future. If I had the ability to do that, I'd be a billionaire *** and we'd never make the wrong decision on all of that. That's not *** a situation I have here. Based on what's the case here, I will say it's a close call, but I do think clear and convincing evidence establishes that the no contacts with Jacob, as the victim, and with Heather, as a witness at least, ought to be

ordered. I do think they're necessary to ensure that the defendant can be safely in the community.

Now, I don't normally do this, but I will say, if I knew that under these unique facts that *** Jacob Wiggins and Heather Sharp did not want the no contacts then I would not have ordered. OK? And so, I say that because normally I don't comment on well what if I heard other evidence. Here, I don't really know. And even if *** defendant *** wants to pursue a relationship, if they don't want that right now—and I don't have evidence that they do or don't—you know, he doesn't get to decide, really. They—the court decides. But I would factor that in. So, this can be looked at again if the defense develops additional information. But for now, it is necessary to impose them."

¶ 9    The circuit court then entered a written conditions of pretrial release order stating defendant was charged with a detention-eligible offense, but the State had not filed a petition to detain. In addition to the statutorily mandated conditions set forth in section 110-10(a) of the Code (725 ILCS 5/110-10(a) (West 2022)), the court ordered, as conditions of pretrial release, that defendant (1) have no contact with Jacob or Heather, (2) stay away from the residence, and (3) abstain from consuming alcohol.

¶ 10    After the circuit court entered its written order summarizing its conditions of pretrial release, defendant filed his notice of appeal under Illinois Supreme Court Rule 604(h)(1)(i) (eff. Dec. 7, 2023). This appeal followed.

¶ 11                                    II. ANALYSIS

¶ 12    On appeal, defendant challenges the pretrial release condition that he have no communication with Jacob or Heather. Noting his close relationship with them, defendant argues

- 6 -

the circuit court failed to give sufficient weight to his family ties and asserts the condition requiring him not to communicate with Jacob or Heather was not necessary to prevent him from committing a crime or unlawfully interfering with the administration of justice. Defendant further claims that abstention from alcohol is not a permissible release condition under section 110-10(b) of the Code (725 ILCS 5/110-10(b) (West 2022)), and as a result, defense counsel provided ineffective assistance by not objecting to it.

¶ 13 Section 110-10(a) of the Code establishes a number of mandatory conditions that must be imposed for defendants released prior to trial. 725 ILCS 5/110-10(a) (West 2022). Section 110-10(b) then provides a number of discretionary conditions that the circuit court may impose, which include but are not limited to prohibitions on communicating with particular persons or classes of persons. 725 ILCS 5/110-10(b)(3) (West 2022).

¶ 14 To set appropriate conditions of pretrial release, the circuit court must determine, by clear and convincing evidence, what conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-2(b), 110-5(a) (West 2022). In reaching its determination, the court must consider: the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, the nature and seriousness of the specific, real, and present threat to any person that would be posed by the person's release, and the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a)(1)-(5) (West 2022). In cases involving domestic battery, section 110-5(a) also provides several additional factors a court may consider when determining what pretrial conditions to impose. See 725 ILCS 5/110-5(a)(6)(A)-(L) (West 2022).

¶ 15		A circuit court's determination of pretrial release conditions will not be reversed unless the determination constitutes an abuse of discretion. See *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. Likewise, questions regarding whether the court properly considered one or more of the statutory factors in determining conditions of release are also reviewed for an abuse of discretion. *People v. Swan*, 2023 IL App (5th) 230766, ¶ 11. "An abuse of discretion occurs when the circuit court's decision is arbitrary, fanciful or unreasonable or where no reasonable person would agree with the position adopted by the [circuit] court." (Internal quotation marks omitted.) *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9, 143 N.E.3d 833. Under this standard, a reviewing court will not substitute its own judgment for that of the circuit court simply because it would have analyzed the proper factors differently. *Inman*, 2023 IL App (4th) 230864, ¶ 11. Similarly, "we will not substitute our own judgment for the trier of fact on issues regarding the weight of the evidence or the credibility of witnesses." *People v. Vega*, 2018 IL App (1st) 160619, ¶ 44, 123 N.E.3d 393.

¶ 16		Here, defendant has not shown how the circuit court abused its discretion in finding the State established by clear and convincing evidence that the no-contact condition with Jacob and Heather ought to be imposed. The record demonstrates the court carefully considered "the evidence, the evidentiary proffers of the parties, the arguments of the attorneys, the public safety assessment report, and all the statutory factors contained in section 110-5(a) of the Code." In reaching its decision, the court considered (1) the nature and circumstances of the offenses charged, (2) the strength of the evidence against defendant, (3) the history and characteristics of defendant, including his history of alcohol abuse, (4) the nature and seriousness of the threat defendant posed to any person or the community, (5) the nature and seriousness of the risk of

obstructing or attempting to obstruct the criminal justice process, and (6) the permissible factors under section 110-5(a)(6). See 725 ILCS 5/110-5(a)(1)-(6) (West 2022).

¶ 17　　　　Moreover, the record contains ample evidence supporting the circuit court's conclusion. According to the State's proffer, on December 1, 2023, police responded to 1304 Beverly Lane in Bloomington, Illinois. Upon their arrival, Jacob and Heather reported that defendant had become heavily intoxicated after consuming alcohol. Defendant "flew into a violent rage" when Jacob suggested defendant play a different song on the guitar. Both Jacob and Heather reported defendant pushed and then physically attacked Jacob, punching him in the face and cutting his lip. Defendant also punched a hole in the wall before leaving the residence. Later that same day, police activated their emergency overhead lights after observing defendant disobey a stop sign while driving. Instead of stopping, defendant accelerated away from the pursuing officers and disregarded another stop sign. Defendant continued to flee until officers discontinued their pursuit of him. When police finally spoke with defendant the next day, defendant admitted he had pushed Jacob the night before and had seen the officers' emergency lights were activated. Accordingly, given these allegations, the court's decision to order defendant to have no contact with Jacob or Heather was not arbitrary, fanciful, or unreasonable. There was no abuse of discretion. *Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 18　　　　Next, defendant claims that abstention from alcohol is not authorized as a permissible release condition under section 110-10(b) of the Code because the statute no longer explicitly references it, and therefore, defense counsel provided ineffective assistance by not objecting to it.

¶ 19　　　　A defendant's claim of ineffective assistance of counsel is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Veach*,

2017 IL 120649, ¶ 29, 89 N.E.3d 366. To prevail, "a defendant must show that counsel's performance was (1) deficient and (2) prejudicial." *People v. Westfall*, 2018 IL App (4th) 150997, ¶ 61, 115 N.E.3d 1148. "Failure to satisfy either prong negates a claim of ineffective assistance of counsel." *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 88, 129 N.E.3d 755.

¶ 20 To establish deficient performance, the defendant must show "counsel's performance 'fell below an objective standard of reasonableness.' " *People v. Valdez*, 2016 IL 119860, ¶ 14, 67 N.E.3d 233 (quoting *Strickland*, 466 U.S. at 688). Prejudice is established when a reasonable probability exists, but for counsel's unprofessional errors, the result of the proceeding would have been different. *People v. Evans*, 209 Ill. 2d 194, 219-20, 808 N.E.2d 939, 953 (2004). "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." (Internal quotation marks omitted.) *People v. Moore*, 2020 IL 124538, ¶ 29, 161 N.E.3d 125. In other words, "[t]he likelihood of a different result must be substantial, not just conceivable." (Internal quotation marks omitted.) *People v. Pope*, 2020 IL App (4th) 180773, ¶ 63, 157 N.E.3d 1055.

¶ 21 "The best evidence of the legislature's intent is the specific words it used." *Kloeppel v. Champaign County Board*, 2021 IL App (4th) 210091, ¶ 29, 186 N.E.3d 1094. In looking at its plain language, section 110-10(b) of the Code unambiguously authorizes the circuit court to impose "[s]uch other reasonable conditions" if those conditions are individualized and the least restrictive means possible to ensure the defendant's appearance in court and compliance with pretrial release rules, court procedures, and criminal statutes. 725 ILCS 5/110-10(b)(9) (West 2022).

¶ 22 Here, defendant was charged with two counts of domestic battery, one count of criminal damage to property, and one count of aggravated fleeing or attempting to elude a peace

officer, wherein he, while heavily intoxicated, punched a hole in the wall and physically attacked his brother, with whom he resided. Defendant then disregarded traffic signals and led police on a vehicle chase until officers discontinued their pursuit of him. Given the nature and circumstances of the offenses, defendant's history of alcohol abuse, his willingness to commit further offenses to avoid apprehension after his drunken outrage, and the danger he posed to both Jacob and the community, the record demonstrates the condition defendant abstain from alcohol consumption was individualized, not unreasonable, and the least restrictive means to ensure his appearance in court and his compliance with pretrial release rules, court procedures, and criminal statutes. Thus, the circuit court did not abuse its discretion in imposing it (see *Simmons*, 2019 IL App (1st) 191253, ¶ 9), and defense counsel did not perform unreasonably by not objecting to it. See *People v. Edwards*, 195 Ill. 2d 142, 165, 745 N.E.2d 1212, 1225 (2001) ("Counsel cannot be considered ineffective for failing to make or pursue what would have been a meritless objection.").

¶ 23                                III. CONCLUSION

¶ 24        For all these reasons, we affirm the circuit court's judgment.

¶ 25        Affirmed.