2024 IL App (2d) 240064-U
No. 2-24-0064
Order filed April 16, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-CF-120 |
| STEVEN R. KOROTENKO, | ) ) | Honorable David Paul Kliment, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Schostok and Birkett concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The evidence supported the trial court's findings that defendant posed a danger to the victim, and that no set of conditions would mitigate the danger he posed. The trial court did not abuse its discretion in granting the State's petition for pretrial detention.

¶ 2   On January 21, 2024, defendant, Steven Korotenko, was charged with aggravated domestic battery-strangle (720 ILCS 5/12-3.3(a-5)), domestic battery-physical contact (720 ILCS 5/12-3.2(a)(2)), and domestic battery-bodily harm (720 ILCS 5/12-3.2(a)(1)). The circuit court of Kane County granted the State's verified petition to deny defendant's pretrial release pursuant to section

2024 IL App (2d) 240064-U

110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). The defendant appeals. We affirm.

¶ 3        This appeal is brought pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date of Act as September 18, 2023). The Act abolished traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022).

¶ 4        In Illinois, all persons charged with an offense are eligible for pretrial release. *Id.* §§ 110-2(a), 110-6.1(e). Pretrial release is governed by article 110 of the Code as amended by the Act. *Id.* § 110-1 *et seq*. Under the Code, as amended, a defendant's pretrial release may only be denied in certain statutorily limited situations. *Id.* §§ 110-2(a), 110-6.1(e).

¶ 5        Upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove, by clear and convincing evidence, that: (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense (*id.* § 110-6.1(e)(1)); (2) the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community (*id.* § 110-6.1(e)(2)); and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution (*id.* § 110-6.1(e)(3)).

_____

[1] The Act has been referred to as the "SAFE-T Act" or the "Pretrial Fairness Act." Neither of those names is official, as neither appears in the Illinois Compiled Statute or the public act. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

2024 IL App (2d) 240064-U

¶ 6    In his appeal, defendant contends that the State did not show, by clear and convincing evidence, that (1) he poses a real and present threat to the safety of any person or the community; and (2) less restrictive conditions would fail to mitigate any threat he poses. "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question." *Chaudhary v. Department of Human Services,* 2023 IL 127712, ¶ 74.

¶ 7    At defendant's pretrial detention hearing, the State proffered the police synopsis which read as follows:

"[Defendant] was involved in a physical domestic with his girlfriend [K.C.]. During the altercation [defendant] used an open hand and struck [K.C.] in the face causing injury to her left eye. [K.C] said [defendant] placed her head into a headlock and choked her, restricting her breathing. [Defendant] denied strangling her but admitted that he might have placed her into a headlock on accident when she came at him. [K.C.] had a dark brown bruise to her left eye area and a laceration to the top back of her head, which caused her to be transported to the hospital for potential sutures. Based on [K.C.'s] statements, her injuries, and the statements made, [defendant] was taken into custody for domestic battery. After speaking to ASA Forlini and explaining the incident in its entirety, she approved felony domestic battery charges against defendant."

Additionally, the State proffered defendant's public safety assessment report that rated him 5 out of 6 for new criminal activity, and 4 out of 6 for failure to appear. The State averred the additional grounds upon which defendant should be denied pretrial release as follows:

"Defendant is currently on pretrial release for aggravated DUI (Class 2) in Kane County case 23CF2112 and for DUI in Du Page County case 23DT2123. Defendant has a prior felony conviction for unlawful possession of a controlled substance (2003), and prior

misdemeanor convictions for threatening/intimidating-cause physical injury or serious damage to property (Arizona 2021), disorderly conduct (Arizona 2016), criminal damage to property (2010), battery (2011 and 1997), driving while license revoked (2006), DUI (2004 and 1999), and theft (2001)."

¶ 8    As to his first contention, defendant contends that this court should vacate the trial court's detention order because the State relied largely on the underlying facts of the case, which defendant claims were disputed at the hearing. Defendant argues that the proffered police synopsis suggests that the altercation may have been started by K.C., the complaining witness, and defendant acted in self-defense. Further, defendant argues that because the State acknowledged that the laceration and injuries to K.C. appeared to be old injuries, and the trial court acknowledged that defendant had injuries to his body, defendant's proffer that he was acting in self-defense was sufficient to prove that he should not have been detained.

¶ 9    In making a determination of a defendant's dangerousness, a trial court may consider, among other things: (1) the nature and circumstances of any charged offense, including whether it is a crime of violence or a sex crime, or involved a weapon; (2) the defendant's characteristics and history, including any criminal history indicative of violent, abusive, or assaultive behavior, and any psychological history indicative of a violent, abusive, or assaultive nature, and the lack of any such history; (3) the identity of the person believed to be at risk from the defendant and the nature of the threat; (4) statements by the defendant and the circumstances of such statements; (5) the age and physical condition of the defendant; (6) the age and physical condition of any victim or complaining witness; (7) the defendant's access to any weapon; (8) whether the defendant was on probation, parole, or the like at the time of the charged offense or any other arrest or offense; and

(9) any other factors that have a reasonable bearing on the defendant's propensity for violent, abusive, or assaultive behavior, or the lack of such behavior. *Id.* § 110-6.1(g).

¶ 10    The trial court made the following findings regarding defendant's dangerousness:

"I have considered the following factors pursuant to 725 ILCS 5/110-6.1(g). I have considered the nature and circumstances of the offense charged. It's a domestic battery alleging strangulation, a Class 2 felony. I have considered the history and characteristics of this defendant, including his prior criminal history. I believe he poses an immediate threat to [K.C.], the alleged victim in this case.

Based on that, I make the following findings: I believe the State has proved by clear and convincing evidence that the proof is evident and the presumption great that the defendant has committed the offense of aggravated domestic battery. I believe, as I stated, that he poses a real and present threat to the safety of [K.C.]. I further find that there are no conditions or combination of conditions of pretrial release that would mitigate the real and present threat posed by the defendant and there is no less restrictive conditions that would avoid the real and present threat. That finding is based in part on the fact that the defendant has been on pretrial release in two different cases, one in Du Page County and one in this county. He has failed to comply with the terms of those conditions of release knowing the consequences could result in this detention. So, I have no confidence in his ability to comply with any future court orders since he has shown a failure to do so to this point."

¶ 11    We review whether the trial court's findings were against the manifest weight of the evidence. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13; *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 10. A finding is against the manifest weight of the evidence when it is unreasonable. *People v. Sims*, 2022 IL App (2d) 200391, ¶ 72. We review the trial court's ultimate

decision regarding pretrial release for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13.

¶ 12    The evidence supports a finding of defendant's dangerousness to K.C. under multiple factors enumerated in section 110-6.1(g). See 725 ILCS 5/110-6.1(g) (West 2022). Defendant is charged with a crime of violence. Defendant's criminal history contains misdemeanor convictions for violent crimes including battery and threatening or intimidating to cause physical injury. K.C. was identified as the person believed to be at risk from the defendant's violent behavior. Finally, defendant was on pretrial release for two separate incidents at the time of the present offense. The trial court's determination was not against the manifest weight of the evidence.

¶ 13    The defendant's final contention on appeal is that the trial court failed to adequately consider alternatives to pretrial detention that could have mitigated the risk of further violence. Under section 110-6.1(g)(3) of the Code, an order for pretrial detention must be based on, among other things, clear and convincing evidence that "no condition or combination of conditions" of pretrial release can mitigate the real and present threat to safety posed by the defendant. *Id.* § 110-6.1(g).  If the trial court finds that the State proved a valid threat to someone's safety or the community's safety, it must then determine what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community ***." *Id.* § 110-5(a). In making this determination, the trial court should consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the specific, real and present threat to any person that would be posed by the defendant's release; and (5) the risk that the defendant will obstruct or attempt to obstruct the criminal justice process. *Id.* No single factor is dispositive. *Id.* As with the finding of dangerousness, we review the trial court's

finding that regarding whether the imposition of conditions on a defendant's pretrial release would mitigate the safety risk posed by the defendant under the manifest weight of the evidence standard. *Trottier*, 2023 IL App (2d) 230317, ¶ 13.

¶ 14   Here, the trial court considered the nature of the charged offenses, the strength of the evidence that the defendant committed those offenses, and the defendant's criminal history before finding that the threat to K.C.'s safety posed by the defendant could not be mitigated by any combination of pretrial release conditions. The defendant argues he "could live with his 21-year-old daughter in Chicago, and any potential threat to [K.C.] could be mitigated by a no contact order and electronic home monitoring." However, as has been noted, the record shows that the trial court considered that defendant was on pretrial release for two other incidents at the time of the charged conduct and was ordered not commit any further criminal offenses. Defendant was unable to adhere to those conditions, bringing upon the circumstances before us in this appeal. Therefore, we cannot conclude that the trial court's determination that no pretrial release conditions could adequately protect the K.C.'s safety was against the manifest weight of the evidence.

¶ 15   For all of these reasons, the trial court did not abuse its discretion by granting the State's motion for pretrial detention. The judgment of the circuit court of Kane County is affirmed.

¶ 16   Affirmed.