NOTICE
Decision filed 12/19/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230937-U

NO. 5-23-0937

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Saline County. |
| | ) | |
| v. | ) | No. 23-CF-269 |
| | ) | |
| JEFFREY A. WILLIAMS, | ) | Honorable |
| | ) | Jayson Clark, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Barberis and Boie concurred in the judgment.

**ORDER**

¶ 1 *Held*: The circuit court's finding that the State failed to present any evidence supporting its petition for detainment was against the manifest weight of the evidence where the State did make a proffer of the evidence.

¶ 2 The People of the State of Illinois (State) appeal the circuit court of Saline County's October 2, 2023, order regarding the defendant's pretrial release pursuant to Public Act 101-642 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Acts 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023).

_____

[1]The Act has been sometimes referred to as the "SAFE-T Act" or the "Pretrial Fairness Act." Neither name is official, as neither appears in the Illinois Compiled Statutes or the public act. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

¶ 3                                    I. BACKGROUND

¶ 4     On September 29, 2023, the defendant was charged by information with methamphetamine possession (a Class 3 felony), obstructing justice (a Class 4 felony), possession of drug paraphernalia, and resisting or obstructing a peace officer. The State filed a verified petition for pretrial detention on the same day.

¶ 5     On October 2, 2023, the trial court conducted a detention hearing. At the hearing, the State gave its proffer wherein it indicated that the State would call Carrier Mills police officer Brian Burton to testify that on September 27, 2023, he observed the defendant in a liquor store. He was aware of the defendant's outstanding warrants for his arrest. After confirming the warrants, he confronted the defendant, who denied he was Jeffrey Williams. The defendant then had a female companion who was with him go retrieve his identification from his vehicle. Then, while Officer Burton was retrieving a photo of Jeffrey Williams for comparison, the defendant shoved the officer and fled on foot. Officer Burton ultimately took the defendant into custody but had to deploy his taser to do so. Then while being taken into custody, the defendant reached towards his front pocket, despite instructions from Officer Burton for him to stop. The defendant persisted and was finally placed into custody. The State further indicated that the defendant had three prior failures to appear for court dates, and had multiple criminal cases pending in Saline County. As a result, the State contended that the defendant was a willful flight risk and needed to be detained.

¶ 6     The defendant then offered his response. The court then noted the pretrial investigation report, which scored the defendant a 10 out of 14 in the Virginia Pretrial Risk Assessment. The trial court then found:

> "The State has declined to put on any evidence. The State's only made a proffer.
>
> Because the state's attorney's office has declined to offer any evidence in support

2

of their petition and only makes that proffer the Court finds that their petition to detain should be and therefore is denied."

The circuit court then went on to impose various conditions of release agreed to by the parties.

¶ 7 Following the detention hearing, the circuit court then immediately began a preliminary hearing wherein the defendant waived his rights to the hearing. The court then found "that there's probable cause to believe you committed a felony offense just based upon you waiving your right to a preliminary hearing." The defendant then entered a plea of not guilty.

¶ 8 Following this hearing, the State asked for clarification on the circuit court's previous ruling denying pretrial detention. The court explained its position that a proffer is not evidence, but merely is what the evidence would be if presented. It then stated:

"I don't believe that's sufficient for me to find by clear and convincing evidence that the proof is evident and the presumption great really of much of anything. You've declined to put on evidence, you've just proffered to me what the evidence would be if you put on evidence. If you want to present evidence, call witnesses and put on evidence."

¶ 9 The State then responded by quoting the statute, section 110-6.1(f)(2) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1(f)(2) (West 2022)), wherein it states that the State or defendant may present evidence at the hearing by way of proffer based upon reliable information. The court then ended the exchange by stating the following:

"Well, and I found that you have failed to present evidence. If you want to present evidence, call witnesses. Is there anything else I can enlighten you on as to what I expect in a detention hearing? You want to detain someone pending trial, but you

3

don't want to present any evidence, you just want to talk about a proffer of evidence. And I keep telling you that that's not sufficient."

¶ 10    On October 12, 2023, the State filed its notice of appeal. On October 16, 2023, the State filed an amended notice of appeal wherein it requested a reversal of the circuit court's denial of its petition to detain. The Office of the State Appellate Defender entered its appearance on November 6, 2023. We now turn to our analysis and additional facts will be included below where necessary.

¶ 11                                    II. ANALYSIS

¶ 12    On appeal, the State challenges the circuit court's October 2, 2023, denial of its petition for detention, specifically, its finding that the State failed to present evidence.

¶ 13    Our standard of review of pretrial release determinations is twofold. The circuit court's factual findings will be reviewed under the manifest weight of the evidence standard, such as the State's burden of presenting clear and convincing evidence that conditions of pretrial release would not protect any person or the community, the defendant has a high likelihood of willful flight to avoid prosecution, or the defendant failed to comply with previously ordered conditions of pretrial release. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. "A finding is against the manifest weight of the evidence only if the opposition conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008).

¶ 14    The circuit court's ultimate determination regarding the denial of pretrial release is reviewed for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13. "An abuse of discretion occurs where the circuit court's decision is arbitrary, unreasonable, or fanciful or where no reasonable person would have taken the position adopted by the circuit court." *People v. Heineman*, 2023 IL 127854, ¶ 59.

¶ 15    Here, we agree with the State that the circuit court erred in failing to consider its proffer as evidence. As set forth by the State on the record before the circuit court, section 110-6.1(f)(2) of the Code (725 ILCS 5/110-6.1(f)(2) (West 2022)) states, "The State or defendant may present evidence at the hearing by way of proffer based upon reliable information." The State is not limited to a proffer, but a circuit court cannot refuse to acknowledge or consider a proffer for the purposes of a petition to detain. The Code explicitly allows for both parties to be able to present their positions via such a method. Thus, the circuit court's finding here that the State "failed to present evidence" is against the manifest weight of the evidence because the State did offer a detailed proffer of what the responding police officer would testify to, it offered additional pending criminal charges and outstanding warrants, and that the defendant had previously missed or skipped court dates. Additionally, because the circuit court based its decision to deny the petition to detain on the State's "failure to present evidence," the court's decision was made via a misapplication of the law and constituted an abuse of discretion. *In re Marriage of Burns*, 2019 IL App (2d) 180715, ¶ 24 ("a court abuses its discretion when its decision is based upon a misapplication of law").

¶ 16    Accordingly, we remand the cause with directions for the circuit court to review the detention hearing in light of this holding and while applying the proper statutory criteria. Specifically, the circuit court shall consider the State's proffer as evidence, and make express findings based on defendant's individual circumstances, as to whether any condition or combination of conditions allow for defendant's pretrial release.

¶ 17                                III. CONCLUSION

¶ 18    For the foregoing reasons, we find that the circuit court's finding that the State failed to present evidence was against the manifest weight of the evidence and that its denial of the State's

petition to detain based upon that "failure" was an abuse its discretion in its issuance of the October 2, 2023, order.

¶ 19    Reversed and remanded with directions.