NOTICE

Decision filed 07/23/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240619-U

NO. 5-24-0619

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Saline County. |
| | ) | |
| v. | ) | No. 24-CF-100 |
| | ) | |
| BRUCE D. HAY, | ) | Honorable |
| | ) | Jayson M. Clark, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Moore and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We reverse the circuit court's release order where its consideration of the State's short delay in receiving an investigation report, filing charges, and seeking a warrant of arrest was an improper factor to consider in its determination of dangerousness, appropriate conditions of release, and ultimately, whether to detain the defendant.

¶ 2    On March 25, 2024, the State charged the defendant, Bruce D. Hay, by information with one count of domestic battery in violation of section 12-3.2(a) of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/12-3.2(a) (West 2022)), a Class 4 felony, and one count of interfering with the reporting of domestic violence in violation of section 12-3.5(a) of the Criminal Code (*id.* § 12-3.5(a)), a Class A misdemeanor. The State filed a verified petition to deny the defendant pretrial release and on April 9, 2024, the circuit court of Saline County denied the State's petition to deny pretrial release and ordered the defendant released with conditions. The State timely

1

appealed, and for the following reasons, we reverse the circuit court's release order of April 9, 2024.

¶ 3                                I. BACKGROUND

¶ 4    The information alleged that the defendant knowingly made physical contact of an insulting or provoking nature with a family or household member, and then prevented that individual from calling 9-1-1, on March 8, 2024. An arrest warrant for the defendant was issued. The defendant was subsequently arrested pursuant to the arrest warrant and appeared for an initial court appearance on April 8, 2024. On April 8, 2024, the State filed a verified petition to deny the defendant pretrial release. At the initial court appearance, the defendant requested a continuance of the detention hearing.

¶ 5    The matter proceeded to a detention hearing on April 9, 2024. During the hearing, the circuit court took judicial notice of a pretrial investigation report that was filed on February 9, 2024, in People v. Hay, No. 24-CM-15 (Cir. Ct. Saline County). After hearing the State's proffer and arguments from counsel, the circuit court indicated that it had considered the evidence presented, the pretrial investigation report, the defendant's criminal history, and the factors set forth in section 110-6.1(g) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1(g) (West 2022)). The circuit court indicated that "based upon all of those things that there are conditions or a combination of conditions which could mitigate any alleged threat which may be alleged by the State in this case." The circuit court went on to state:

      "So the Court finds in particular that if the defendant was such a threat why it took

      the State's Attorney's Office a week to try to have somebody arrested who was

      such a dangerous individual to the alleged victim in this case, I don't know why it

2

took a week to ask for them to be arrested. And now all of a sudden he's so dangerous he has to be detained pending trial. I don't know why that would be."

The circuit court then denied the State's petition and ordered the defendant be released with conditions. The State timely appealed on April 10, 2024.

¶ 6     The State utilized the Notice of Pretrial Fairness Act Appeal 604(h) (State as Appellant) standardized form provided by the Illinois Supreme Court. Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023). The State requests reversal of the circuit court's denial of the State's petition to detain as relief. The State's claim of error regarding the denial of pretrial release consists of four checked boxes, asserting that: (1) the court erred in its determination that the State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offense(s) charged; (2) the court erred in its determination that the State failed to meet its burden of proving by clear and convincing evidence that the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case; (3) the court erred in its determination that the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present thereat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or the defendant's willful flight; and (4) "Other."

¶ 7     In the additional space provided for elaboration on the first three checked contentions, the State provided no argument in support of those claims. On the additional space provided for elaboration on the contention of "Other," the State argued the circuit court "improperly relied upon the timing of the criminal act, the Police Department's submission of the reporting of the incident to the State's Attorney's Office, and the State's Attorney's Office's request for a warrant of arrest."

The State argued its petition to detain was timely filed; however, the circuit court's docket entry states: "The Court notes that the alleged incident occurred on March 8, 2024, and the Harrisburg Police Department submitted this case to the State's Attorney's Office by no later than March 18, 2024, but the State's Attorney did not request a Warrant of Arrest until March 25, 2024."

¶ 8    The Office of the State's Attorneys Appellate Prosecutor filed a Rule 604(h) memorandum in support of the State's appeal. The Office of the State Appellate Defender (OSAD) was appointed to represent the defendant in the appeal, and OSAD has filed a Rule 604(h) responsive memorandum in this appeal.[1]

¶ 9                                    II. ANALYSIS

¶ 10    Pretrial release—including the conditions related thereto—is governed by article 110 of the Code (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023) and Public Act 102-1104, § 70 (eff. Jan. 1, 2023), commonly referred to as the Safety, Accountability, Fairness and Equity Today (SAFE-T) Act (Act).[2] *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). A defendant's pretrial release may be denied only in certain statutorily limited situations. 725 ILCS 5/110-6.1 (West 2022). After filing a timely verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence (1) that the proof is evident or the presumption great that the defendant has committed a qualifying offense, (2) that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and (3) that

---

[1]Pursuant to Illinois Supreme Court Rule 604(h)(5) (eff. Dec. 7, 2023), our decision in this case was due on or before July 19, 2024, absent a finding of good cause for extending the deadline. Based on the high volume of appeals under the Act currently under the court's consideration, as well as the complexity of issues and the lack of precedential authority, we find there to be good cause for extending the deadline.

[2]The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f). The circuit court may order a defendant detained pending trial if the defendant is charged with a qualifying offense, and the circuit court concludes that the defendant poses a real and present threat to the safety of any person or the community (*id.* § 110-6.1(a)(1)-(7)), or there is a high likelihood of willful flight to avoid prosecution (*id.* § 110-6.1(a)(8)).

¶ 11　The statute provides a nonexclusive list of factors that the circuit court may consider in making a determination of "dangerousness," *i.e.*, that the defendant poses a real and present threat to any person or the community. *Id.* § 110-6.1(g). In making a determination of dangerousness, the circuit court may consider evidence or testimony as to factors that include, but are not limited to, (1) the nature and circumstances of any offense charged, including whether the offense is a crime of violence involving a weapon or a sex offense; (2) the history and characteristics of the defendant; (3) the identity of any person to whom the defendant is believed to pose a threat and the nature of the threat; (4) any statements made by or attributed to the defendant, together with the circumstances surrounding the statements; (5) the age and physical condition of the defendant; (6) the age and physical condition of the victim or complaining witness; (7) whether the defendant is known to possess or have access to a weapon; (8) whether at the time of the current offense or any other offense, the defendant was on probation, parole, or supervised release from custody; and (9) any other factors including those listed in section 110-5 of the Code (*id.* § 110-5). *Id.* § 110-6.1(g).

¶ 12　If the circuit court finds that the State proved a valid threat to a person's safety or the community's safety and/or the defendant's likely willful flight to avoid prosecution, or the defendant's failure to abide by previously issued conditions of pretrial release, then the circuit

5

court must determine what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Id.* § 110-5(a). In reaching its determination, the circuit court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the specific, real, and present threat to any person that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id.* The statute lists no singular factor as dispositive but provides that no single factor or standard may be used exclusively to order detention. *Id.* § 110-6.1(f)(7). If the circuit court determines that the defendant should be denied pretrial release, the circuit court is required to make written findings summarizing the reasons for denying pretrial release. *Id.* § 110-6.1(h)(1).

¶ 13    Our standard of review of pretrial release determinations is twofold. The circuit court's factual findings will be reviewed under the manifest weight of the evidence standard. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). "Under the manifest weight standard, we give deference to the [circuit] court as the finder of fact because it is in the best position to observe the conduct and demeanor of the parties and witnesses." *Id.* The circuit court's ultimate determination regarding pretrial release, however, will not be reversed absent an abuse of discretion. *People v. Swan*, 2023 IL App (5th) 230766, ¶ 11. An abuse of discretion occurs when the decision of the circuit court is arbitrary, fanciful, or unreasonable, or when no reasonable person would agree with the position adopted by the circuit court. *Id.* In

conducting our review, we consider not just whether the ultimate result is within the bounds of reason, but also whether the trial court applied proper criteria to reach that result. *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 99 (2006). At the detention hearing, the State bore the burden to prove by clear and convincing evidence that the defendant's pretrial release posed a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case. 725 ILCS 5/110-6.1(a)(5) (West 2022).

¶ 14    In its memorandum, the State points out that the defendant committed a qualifying offense and that the circuit court determined that the offense was established by clear and convincing evidence. The State claims that the defendant posed a threat to the safety of the victim and the community, and that no less restrictive conditions would avoid the real and present threat to the safety of the community. The State argues, *inter alia*, that the nature and circumstances of the offense charged show that this was a crime of violence; that the defendant has a history which includes convictions for aggravated domestic battery and misdemeanor domestic battery; and, that at the time of the offense charged, the defendant was on probation and conditions of that probation were that the defendant not violate the criminal statutes of any jurisdiction and not consume alcohol.

¶ 15    The State also contends that the circuit court abused its discretion because its sole basis for its ruling was the circuit court's apparent concern with the manner and pace of the investigation and charging of the offense. The State argues that the police officer who testified at the detention hearing indicated that law enforcement had a very difficult time finding the defendant to complete their investigation. The police officer also testified that they received a video of the incident several days after the incident. The State argues that the circuit court's concern with the one-week period the State took to file the charges and seek detention is not based on any of the statutory factors.

7

¶ 16    In response, OSAD contends that the circuit court's finding that the defendant did not pose a real and present threat to the safety of persons, or the public, was not an abuse of discretion. OSAD argues that while the statute does not explicitly list timeliness as an enumerated factor the circuit court may consider, pursuant to section 110-6.1(g)(9) of the Code (*id.* § 110-6.1(g)(9)), the circuit court is permitted to consider "[a]ny other factors" to determine the dangerousness of the defendant. OSAD argues that the lack of urgency in the State's filing constitutes one of the "other factors" the circuit court may consider when making its ultimate decision. OSAD additionally argues that the timeliness of the State's filing is an appropriate factor for the circuit court to consider pursuant to section 110-5(a)(6) of the Code (*id.* § 110-5(a)(6)), in determining pretrial release conditions. OSAD points to the statute, which states that when a person is charged with a violation of domestic battery, the circuit court may consider several factors, including "any other factors deemed by the court to have a reasonable bearing upon the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of that behavior." *Id.* § 110-5(a)(6)(L). OSAD further argues that the statute permits the circuit court to incorporate a factor such as timeliness to determine the potential to mitigate the defendant's dangerousness and ensure his adherence to the conditions set.

¶ 17    Here, it appears that the circuit court did find that the defendant committed a qualifying offense. It is, however, unclear whether the circuit court determined that the defendant posed a real and present threat to the safety of any person or the community or a flight risk. The circuit court did not orally indicate that it had found the State met its burden in relation to the dangerousness standard, and the circuit court's written order, entitled "Conditions of Pretrial Release Order," failed to indicate its finding regarding dangerousness. The only box checked on the form order indicated that "[d]efendant is charged with a detention-eligible offense/circumstance, but

8

following a detention hearing, the Court has denied the State's Petition to Detain." Adding to this court's confusion, in its oral pronouncement, the circuit court found that there were conditions or a combination of conditions which could "mitigate any *alleged threat which may be alleged* by the State in this case." (Emphasis added.) As noted in the background section, the circuit court went on to state:

"So the Court finds in particular that if the defendant was such a threat why it took the State's Attorney's Office a week to try to have somebody arrested who was such a dangerous individual to the alleged victim in this case, I don't know why it took a week to ask for them to be arrested. And now all of a sudden he's so dangerous he has to be detained pending trial. I don't know why that would be. He has had some outbursts in this courtroom, but he's upset. So the Court finds the petition should be and therefore is denied."

¶ 18    The circuit court then imposed both the standard conditions of release pursuant to section 110-10(a) of the Code (*id.* § 110-10(a)) and additional conditions of pretrial release pursuant to section 110-10(b) of the Code (*id.* § 110-10(b)), finding that such additional conditions were necessary to ensure that the defendant did not commit any criminal offenses while on pretrial release and that he comply with the conditions of pretrial release.

¶ 19    While section 110-6.1(h)(1) of the Code (*id.* § 110-6.1(h)(1) requires "a written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release," there is no similar writing requirement when the circuit court denies the State's petition for pretrial detention. Nonetheless, this court cannot appropriately review the circuit court's findings absent an explicit and individualized explanation of its findings and the basis for its ruling in sufficient detail for meaningful appellate review. *People v. Vance*, 2024 IL App (1st) 232503,

9

¶ 29. In this matter, the State argues that it met its burden with regard to dangerousness; however, both parties indicate their belief that the circuit court found that the defendant did not pose a risk of danger to any individual or the community. The circuit court's implementation of additional conditions of pretrial release seem to indicate that it found that the defendant did pose some danger. Nevertheless, in reviewing the written order and commentary from the circuit court, this court cannot determine the circuit court's finding, if any, with regard to dangerousness.

¶ 20    The State also argues that the circuit court relied on an improper factor in assessing the danger posed by the defendant. Specifically, the State argues that the circuit court should not have considered the time the State took to file the charges and seek detention in its determination of dangerousness. The defendant, however, argues that a delay of five business days between the State obtaining a report from the investigating police agency and requesting a warrant of arrest for the defendant is an appropriate factor to consider under section 110-6.1(g)(9) or 110-5(a)(6) of the Code (*id.* §§ 110-6.1(g)(9), 110-5(a)(6), which both allow for the court to consider any other factors which have a reasonable bearing on the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior (*id.* §§ 110-6.1(g)(9), 110-5(a)(6)(L)). We agree with the State.

¶ 21    A delay of five business days between the State's receipt of an investigation report and filing charges and requesting a warrant is not excessive and does not have any reasonable bearing on the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior, or the ability to mitigate any danger posed by the defendant through conditions of pretrial release. A delay of five business days may be indicative of priorities in workflow, not in the control of the State, availability of personnel, or a myriad of other factors that may infringe on the State's ability to file charges and request a warrant immediately.

¶ 22    The circuit court's mandate was to conduct an individualized assessment of the propriety of detaining the defendant versus releasing him with conditions. *Id.* § 110-6.1(f)(7). The circuit court's role at the detention hearing was not to assess the efficacy of the state's attorney's office. A trial court abuses its discretion if it fails to apply the proper criteria when it weighs the facts. *People v. Ortega*, 209 Ill. 2d 354, 460 (2004). Here, while the circuit court stated in its oral pronouncement that it considered all required statutory factors, the evidence presented, the pretrial investigation report, the Virginia Pretrial Risk Assessment, and the defendant's criminal history, its comments indicate that its pretrial release determination was based, primarily, on the delay on the part of the State in seeking a warrant of arrest.

¶ 23    We find that the circuit court failed to provide its reasoning or make clear its finding, with any specificity, regarding whether the defendant posed a real and present threat to the safety of any person or persons or the community; thus, we are unable to review the circuit court's finding as to that issue on appeal. To the extent that the circuit court based its determination on a short delay from the State's receipt of an investigation report and proceeding to effectuate the defendant's arrest, such fact constituted an improper consideration by the circuit court regarding dangerousness and appropriate conditions of release and constituted an abuse of discretion. Additionally, because the circuit court based its decision to deny the petition to detain on the State's short delay in seeking a warrant of arrest for the defendant, the circuit court's decision was made via a misapplication of the law and constituted an abuse of discretion. *People v. Williams*, 2023 IL App (5th) 230937-U, ¶ 15 (citing *In re Marriage of Burns*, 2019 IL App (2d) 180715, ¶ 24).

¶ 24                        III. CONCLUSION

¶ 25    Accordingly, we reverse the circuit court's release order of April 9, 2024, and remand this cause with directions for the circuit court to review the detention hearing in light of this holding. Specifically, the circuit court shall not consider the short delay in the State's workflow and shall make express findings based on the defendant's individual circumstances as to whether the State proved a valid threat to a person's safety or the community's safety and then determine whether any condition or combination of conditions allow for defendant's pretrial release, considering only the proper and relevant factors.

¶ 26    Reversed and remanded with directions.